# Richmond.

## WHITE'S ADM'X V. FREEMAN.

### December 4, 1884.

1. CONSTRUCTION OF STATUTES—*Penalties.*—Code 1873, ch. 15, § 13, providing that if by a new law repealing a former law, any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may, with the consent of the parties affected, be applied to any judgment pronounced after the new law takes effect, applies to forfeitures in civil as well as criminal cases. *Mosby* v. *St. Louis Mutual Ins. Co.,* 31 Gratt. 629.

2. IDEM—*Usury—Penalty.*—Though the statute of usury, at date of contract, declares it to be null, yet if at date of decree the statute has been amended, and only annuls contract for interest, decree should be for principal loaned, with interest from date of decree.

3. USURY—*Pre-existing Debt.*—Though the notes be usurious and null, yet if part of their consideration was a pre-existing valid debt, which continues to be a valid debt, the decree should be for the principal of the new notes, with interest on the pre-existing debt from the time it was entitled to bear interest. *Bank of Washington* v. *Arthur,* 3 Gratt. 165.

Appeal of Oteira T. White, administratrix of William White, deceased, to decree of chancery court of Richmond city, entered July 8th, 1880, in the cause of Isham H. Freeman against her and one Peter W. Grubbs, trustee. Opinion states the case.

*John B. Young,* for the appellant.

*Sands, Leake & Carter,* for the appellee.

LACY, J., delivered the opinion of the court:

The case is as follows: One William White, being indebted to Thomas L. Pleasants, trustee for R. M. Howe, in a sum of money, evidenced by six negotiable notes executed to Peter W. Grubbs, as trustee, executed a deed securing the same on a tract of land in Henrico county. Of these, three had been paid in full, and a portion of the fourth by said White prior to the 22d of December, 1868. Upon the three notes unpaid, there remained a balance due by said White to said Pleasants, trustee for Howe, which amounted to $2,174.25.

J. H. Freeman, on the said 22d day of December, 1868, lent to White $2,376.35, for which White gave his three notes to Freeman in three payments, and twelve per cent. was the agreed rate of interest, and the interest was paid by White at twelve per cent., up to and including the year 1874.

On the day when the money was lent to White by Freeman, the Howe notes, secured by trust deed, were assigned to Freeman, and the residue paid by Freeman in money to White. Subsequently all these notes, the Howe notes and the White notes, were lost, and White having died in 1878, Freeman instituted this suit against White's administratrix, to set up and establish the lost notes, and to have payment of the same. Depositions have been taken in the cause, the effect of which is to establish the notes, and to show payment of the interest up to and including the year 1874. There is a contest as to the payment of the interest for the year 1874, the receipt for that year having been lost. But its existence is proved by the testimony of a witness who is not impeached, and should be allowed. Upon the hearing of the cause, the chancery court on the 8th day of July, 1880, being of opinion that the sum of $2,174.25, being the balance on the notes transferred by Howe to Freeman, was a pre-existing valid debt, which, if not in form, was substantially a part of the consideration of the debt from White to Freeman, and the only part of it untainted with usury, and

that this pre-existing debt of $2,174.25, with interest at the rate of six per centum from the 1st day of February, 1873, is still a valid obligation, and can be recovered by the plaintiff; and being further of opinion that the existence and loss of said notes is satisfactorily proven, decreed that said administratrix should render an account of her transactions as administratrix of William White, deceased, and decreed an account of debts and an account of assets.

From this decree, the appellant, White's administratrix, applied for and obtained an appeal to this court, April 22d, 1881. At the time of the execution of this contract, thus tainted with usury, the forfeiture, under the usury laws of this state, was of the whole debt, and the decree of the chancery court declared the forfeiture of the whole debt thus tainted with usury, with a reservation as to the pre-existing valid debt, following the decision of this court in the case of the *Bank of Washington* v. *Arthur*, 3 Gratt. 165, and rendered the decree for this valid pre-existing debt with interest.

It is true that, at the date of the contract, December, 1868, the statute, as it then stood, declared that all contracts and assurances made, directly or indirectly, for the loan or forbearance of money, or other thing, at a greater rate of interest than is allowed by law, shall be void; and under the decision in the *Bank of Washington* v. *Arthur, supra*, the valid pre-existing debt, not tainted with usury, was preserved. But by the act of March 24, 1874, it was provided that "all contracts and assurances made, directly or indirectly, for the loan or forbearance of money, or other thing, at a greater rate of interest than is allowed by the preceding section (six per cent.), shall be deemed to be for an illegal consideration as to the excess beyond the principal amount so loaned or forborne."

This was the law of the state upon the subject of forfeiture for usury at the time of the rendition of the decree in this cause in July, 1880. This statute having repealed the former penalty of the forfeiture of the whole debt, and substituted a forfeiture

of the interest, the penalty then provided by the law for this violation of the usury law was the only penalty the court could inflict; or, to speak more accurately, the former law as to the forfeiture of the whole debt had been repealed by the act of 1872, which provided a penalty of the forfeiture of the excess of the interest over six per cent. only; and this law had been in turn repealed by the act of 1874, which forfeited the whole of the interest in cases of usury; and this latter law provides the penalty which it was lawful for the court to enforce at the date of its decree. By chapter 15, of the Code of 1873, section 13, it is provided: "And if any penalty, forfeiture, or punishment, be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any judgment after the new law takes effect."

In the case of *Mosby* v. *St. Louis Mutual Insurance Company*, 31 Gratt. 629, Judge Christian, speaking for the whole court, said: "The penalty or forfeiture under the old law, was a forfeiture of the whole debt. This was certainly 'mitigated' by the new law, which declares that there shall be a forfeiture of the interest only. It cannot be said that this has reference to criminal cases only, because the language used is general enough to embrace both civil and criminal cases. If it had been the intention of the legislature to confine the provision to criminal cases alone, it would not have used the words 'the party affected thereby,' but the word 'accused,' or some similar word indicating a criminal offence. * * * It may be remarked that while the statute, fixing the penalty for usury as a forfeiture of the whole debt, had not been amended at the date of the contract, yet the statute of construction, above referred to [chap. 15, sec. 13], was then in existence, and enters into the contract in the same degree as the first named statute;" referring to the case of the *Town of Danville* v. *Pace*, 25 Gratt. 1. In the case of *Curtis* v. *Leavitt*, 15 New York Reports, 1, cited in both of the above named cases, the court said, on this subject: "The defence of usury is in the nature of a penalty or forfeiture, and

may at any time be taken away by the legislature in respect to previous as well as to subsequent contracts, without trenching upon any vested right. A proposition that a party can have any vested right in enforcing a penalty or forfeiture, against which it is the office of a court of equity to relieve, is a legal solecism. Statutes of usury are highly penal in their character, and the defence of usury has always been regarded as an unconscientious defence, and has never received the favor either of courts of law or equity. No penalty can be enforced after the repeal of the law imposing it, unless saved by express words in the repealing act. * * * The repealing statute obliterates the statute repealed as completely as if it had not been passed, and it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted and concluded while it was an existing law." And further: "Usury being a mere statutory defence not founded upon any common law right, either legal or equitable, it was clearly within the power of the legislature to take it away." In this case the chancery court, by its decree, enforced the penalty under the old law, although it had been repealed six years before. In this the chancery court erred. The decree should have been for the whole debt, with interest on the valid pre-existing debt from the last payment of interest, that is, after the year 1874, and with interest on the residue from the date of the decree in the cause. The said decree of the chancery court was, therefore, erroneous, and must be reversed and annulled, and the cause remanded for further proceedings to be had therein, in conformity with the foregoing views, and the law now in force.

DECREE REVERSED.