## McALEESE v. GOODWIN.[1]

(Circuit Court of Appeals, Eighth Circuit. September 2, 1895.)

### No. 600.

Usury—Evidence.

Upon a suit for the foreclosure of a mortgage, to which the defense pleaded was usury, in taking 12 per cent. interest,—10 per cent. being the legal rate,—it appeared that the mortgagor applied to a bank, of which the mortgagee and one M. were proprietors, for the loan; that the bank declined to make it, and the mortgagor then asked M. to procure it for him; that M. presented the application to the mortgagee, who agreed to make the loan, and sent the money to M., who took from the mortgagor notes bearing 10 per cent. interest, and also retained 2 per cent. himself, the mortgagee never receiving more than 10 per cent. The mortgagee testified that M. was not his agent to make the loan; and, although the mortgagor also testified that M. was not his agent, it appeared that M. had rendered to him certain services, in renting property and collecting rents, and M. testified that he retained the 2 per cent. as compensation for these services and for procuring the loan. *Held,* that the mortgagor had not so far overcome the written evidence of the notes, and the legal presumption that the parties had not violated the law, as to justify a reversal of a decree in favor of the mortgagee.

Appeal from the Circuit Court of the United States for the District of Nebraska.

[1] Rehearing pending.

T. J. Mahoney (C. J. Smyth, on the brief), for appellant.

Ralph W. Breckenridge and C. S. Olmstead (Homer Goodwin, per se, filed brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree of foreclosure of two mortgages made by Daniel McAleese, appellant, to Homer Goodwin, the appellee. The answer to the bill for foreclosure alleged that one Mancourt was the agent of the appellee, and that the appellee, through him, made a usurious agreement to take, and actually received, 12 per cent. interest, in violation of the provision of the statute of Nebraska which limits the legal rate of interest to 10 per cent. The court below found that the defense of usury was not sustained, and entered a decree for the appellee.

The evidence was undisputed that the mortgages and the notes they secured were not usurious on their face, and that the mortgagee never agreed to take, and never did take, any unlawful interest himself, and that he never knew that any such interest was taken by any one, or was paid by the mortgagor to any one. The mortgagor lived in the state of Nebraska. One Mancourt was his banker at Sidney, in that state. Goodwin, the mortgagee, was a resident of Sandusky, Ohio, and a partner of Mancourt in this bank. The mortgagor applied to this Mancourt for the loans that were secured by these mortgages, and the latter informed him that the bank could not make them. He then asked Mancourt to procure them for him, and Mancourt then wrote to the appellee, and presented to him the applications of the appellant for these loans; sent him a description of the security, and an abstract of the title, which the mortgagor had procured; recommended the loans, and asked him if he would make them. The appellee consented to do so, and sent the money for the loans to Mancourt, to be paid to the appellant. Mancourt received the mortgages, and paid over the money, except that he retained for himself an amount equal to interest at the rate of 2 per cent. per annum on the loan. The notes bore 10 per cent. interest. The mortgagor testified that Mancourt kept the 2 per cent. in pursuance of an agreement he made with him, that he should pay interest at the rate of 12 per cent. per annum on these loans, but that the notes should draw but 10 per cent., because a higher rate was illegal, under the laws of Nebraska. He also testified that Mancourt was not his agent to procure the loans, but was the agent of the appellee to make them. He, however, admitted that Mancourt was his banker, and that he had collected some rents for him about the time the first loan was made. On the other hand, Mancourt and the appellee both testified that the former was never the agent of the latter to make these or any loans, except those made by the bank, and that these were not made by that institution. Mancourt testifies that he never made any agreement to take, and never collected or took, more than 10 per cent. interest on these loans; that the appellant employed him to collect some of his rents, to procure tenants

for some of his houses, to advise him about his business, and to procure these loans for him; and that the amounts which the appellant now charges constituted usurious interest on these loans were retained by him for his services in collecting these rents, obtaining these tenants, and procuring these loans. A large amount of correspondence between Mancourt and the appellee appears in this record, which does not tend to prove that the former had any authority to loan any money of the latter upon his own judgment, but that he did present applications to the appellee for loans, and after the specific investments were accepted by him the appellee sent the money to Mancourt to pay for them.

This brief summary of the evidence is sufficient to show that the decree below ought not to be reversed. It is a settled rule of practice in equity in the national courts that "where the court below has considered conflicting evidence, and made its finding and decree thereon, they must be taken as presumptively correct, and unless an obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence, the decree should be permitted to stand." Warren v. Burt, 7 C. C. A. 105, 110, 58 Fed. 101, 106, and cases there cited; Gunn v. Black, 8 C. C. A. 534, 538, 60 Fed. 151, 155; Latta v. Granger, 68 Fed. 69, 71. Where the notes bear lawful interest upon their face, it is necessary to overcome this written evidence, and the legal presumption that the parties to them have not violated the law, in order to establish the charge of usury, and this requires strong proof. Bank v. Waggener, 9 Pet. 378, 379; Hotel Co. v. Wade, 97 U. S. 23; Call v. Palmer, 116 U. S. 98, 101, 102, 6 Sup. Ct. 301. The burden of making this proof rested upon the appellant in this case. Olmsted v. Security Co., 11 Neb. 487, 9 N. W. 650. His defense of usury must fail, unless he established by a preponderance of proof that Mancourt was the agent of the appellant, and that the usurious agreement was made. In view of the rules of evidence to which we have referred, of the undisputed fact that the mortgagee never took more than lawful interest himself, and never had knowledge that the mortgagor had paid more, and in view of the conflicting evidence as to the agency of Mancourt, and as to the purposes for which, and the agreement with the appellant under which, he kept the moneys he retained, we are unwilling to hold that there was any obvious error of law, or any serious mistake of fact, in the general finding of the court below that the defense of usury was not sustained by this evidence. The decree below must be affirmed, with costs, and it is so ordered.