## MORRIS v. SCHOOL DISTRICT No. 86.

### Opinion delivered November 7, 1896.

SCHOOL LAND—TRESPASS—PARTY.—A deed conveying land for school purposes to the people of a certain school district, instead of to the school district, though informal, is at least evidence of a dedication to public use, and the school district is the proper party to sue for a trespass thereon.

SAME—NOTICE OF TITLE.—A school district to which land is conveyed by an unrecorded deed is entitled to possession thereof, as against one who subsequently purchases with notice of the prior conveyance or of facts sufficient to have put him upon inquiry.

Appeal from Benton Circuit Court.

EDWARD S. McDANIEL, Judge.

*E. P. Watson*, for appellant.

BUNN, C. J. This is an action of trespass upon land and damages for cutting timber thereon and taking the same therefrom. The cause was tried by the court sitting as a jury, in the Benton circuit court, and resulted in judgment against the defendant, Morris, in the sum of $25, from which he appealed in due form to this court. In 1876, one William Crawford, the undisputed owner, conveyed the lot involved in this litigation to the people of School District No. 61 for school and church

purposes, and the grantees then erected a house thereon, which they used from that time on at stated periods, and as occasion required, until the institution of this suit, or a short time before.    In the course of time the number of the school district was changed by the county court from 61 to 86, the territory remaining identically the same. In 1887, William Crawford, aforesaid, conveyed the 80 acres, which includes the school lot, to the appellant, without excepting the school lot, and under this deed appellant took possesion of the school lot by enclosing it with a portion of the adjoining lands belonging to himself under his said deed, and shrubbed off the bushes and undergrowth, wholly or partially.    It is alleged in the complaint that he also cut the growing timber from the school lot, to the damage of the appellee in the sum stated above.

Who may sue for trespass to school land. The deed of Crawford to the people of the school district seems not to have been made a matter of record, and we gather that the original had been lost or mislaid, but its existence and contents were fairly proved on the trial.    Indeed, the original may have been in evidence. The record is not explicit as to this.    Whether this deed is formally good or not, it is at least evidence of a dedication to public use, and the district is a proper party to sue in behalf of the people.

As to notice of title. The testimony shows that Morris had notice of this conveyance to the school district, before his purchase, and if he did not at that time have such notice, he was in possession of such facts, and had such knowledge of circumstances, as that he was put upon inquiry as to the ownership, among which facts were the possession and occupation by the people of the district.    We think, therefore, the finding of the court in favor of the school district as to the right of possession was correct.    We think, however, that there was a want of evidence to sustain the finding of the court as to the commission of

the alleged damages by the appellant, directly or indirectly. In other words, if the trees were in fact cut, as alleged, there is no proof connecting appellant with the act. He is only liable for nominal damages.

If, therefore, the appellee will, within thirty days, remit the sum adjudged by the court below as damages, down to the sum of one dollar, the judgment for that amount will be affirmed; otherwise, the judgment of the court below will be reversed, and the cause remanded for a new trial.