McEWIN vs HUMPHREY.

Opinion delivered April 2, 1898.

*Usury—Promissory Note—Extension.*

A promissory note was executed drawing 10 per cent. per ann[
The payee of the note sold same to appellant.    When the [
became due, appellant refused to extend same unless appe[
would pay 1½ per cent. per month interest.    This appellee [
Also paid $1.50 to the original payee for attending to the [

ter. *Held*, Such usurious payments did not render the note void but should be credited on the note.

Appeal from the United States Court for the Northern istrict.

WILLIAM M. SPRINGER, Judge.

G. W. McEwin brought a suit in replevin against avid Humphrey. The court directed a verdict for defendit. Plaintiff appeals. Reversed.

This was an action of replevin, brought by the appelnt, who was the plaintiff below, against the appellee, who as the defendant below, to recover certain live stock upon hich had been given a chattel mortgage to secure the pay_ ent of a note described as follows, to wit: "$82.80. nita, I. T., October 24th, 1894. For value received, on e 24th day of January after date, I promise to pay to the der of F. G. Smith, the sum of eighty-two $\frac{80}{100}$ dollars, pay-le at the office of Smith & Smith, Vinita, I. T., with 10 per nt. interest per annum from date until paid. The makers d indorsers of this note severally waive protest or notice nonpayment hereof. David X̲ Humphrey. Witness: hn W. Scott. P. O.: Vinita, Cherokee Nation, Indian rritory." Indorsed on back: "F. G. Smith, F. M. Smith." e defendant alleged in his answer that the note and mortge were void, for the reason that F. G. Smith, the payee, s taken from the defendant interest on the debt evidenced said note and mortgage corruptly and knowingly at a eater rate than allowed by law, to wit, interest at the rate 2 per cent. per month. On the trial the plaintiff introduc-F. M. Smith as a witness, and the whole question turns on his testimony. And at the close of the evidence the fendant moved the court to instruct the jury to render a

verdict for the defendant, on the ground that the evidence
plaintiff shows that upon the note secured by the mortgas
and relied upon by the plaintiff as the foundation of th
action there was taken, reserved, received, and agreed to
received and reserved, a rate of interest greater than 10 p
cent. per annum, namely, interest ranging from 1½ per cen
per month to 2 per cent. per month, both by F. M. Smit
the agent of McEwin, the plaintiff in this suit, and by M
Ewin himself.    Whereupon the court decided as follow
"By the Court: At the close of the testimony in this case
the part of the plaintiff, defendant asked peremptory instru
tions of the court to the jury to return a verdict for him. T
grounds of this motion are set out in it.   The statute gover
ing the rate of interest in the Indian Territory is found
Mansf. Dig. § 4732, including section 4735.   Section 4732 pr
vides 'that all contracts for a greater rate of interest th
ten per cent. per annum shall be void as to principal a
interest.' `Section 4735 provides 'that all contracts whatev
whereby there shall be reserved, taken or secured or agre
to be taken or reserved any greater sum or greater value f
the loan or forbearance of any money than is prescribed
this act shall be void.'   The note in evidence embraces
valid contract on its face, as by its.terms it draws a rate
interest of ten per cent. per annum.   The defense is base
not upon the face of the contract, but by the facts establish
by the evidence, and not disputed, which occurred subseque
to the signing of the note, and before its final payment.
appears from the evidence of payment that the plaintiff d
take a rate of interest for the note in question greater th
ten per cent., and whether a greater rate than ten per ce
is mentioned in the note to be taken or not is immaterial,
it appears from the undisputed evidence that a greater r
was actually taken.   The evidence, as the case now stan
shows that the plaintiff did take a rate of interest of 1 and
per cent. per month, which, from the opinion of the cou

rings this contract or this note within the purview of the tatute with reference to interest, and, a greater rate of inerest than ten per cent. having been taken by the plaintiff, he note is void, and all interest thereon; and the mortgage ased upon it is not given for the security of any valid obliation, and is also void. The motion is therefore allowed, nd the jury will return a verdict for the defendant." Wherpon the plaintiff excepted to the ruling of the court, where, pon the jury returned the following verdict: "We, the ry, find for the defendant against the plaintiff. T. B. ontgomery, Foreman." And plaintiff thereafter filed his otion for a new trial, which was overruled by the court, d judgment rendered upon the verdict. Thereupon plainff prayed an appeal to this court, which was granted.

*William T. Hutchings*, for appellant.

*W. H. Kornegay*, for appellee.

TOWNSEND, J. (after stating the facts); The dese in this action is that the note which is secured by the ttel mortgage is void for usury. The burden of proof is, nce, upon the defendant to establish this fact by a prenderance of the evidence. The note was payable to the er of F. G. Smith, who was the wife of F. M. Smith, o claims to be a loan broker and attorney, and the only ness introduced on the trial was F. M. Smith, except one ness, who simply testified to the value of the property luded in the chattel mortgage. The defendant introduced estimony, and relies upon the cross-examination of said M. Smith to make out his case. Smith testifies that his e has no interest in the note; that it was made payable to as a matter of convenience, and that he acted as agent of the defendant in the making and sale of note and mortgage to raise the money for the de-

fendant to purchase a span of mules; that the defendant re
ceived $81.05 out of the sale of said note, and that he (Smith
got $1.75 for making the mortgage in duplicate and for filin
the same, and that constituted the $82.80, the amount of thi
note, which was payable 90 days after date, with interest a
the rate of 10 per cent per annum. The following questio
by plaintiff's attorney, and answer by Smith, were giver
viz: "Q. Was there any understanding between you and th
defendant, at the time this note was executed, or at an
time prior thereto, that he was to pay any sum as intere
on said note in excess of ten per cent.? A. No, sir. Fro
a careful reading of Smith's testimony, while defendant
counsel seems to think there are some admissions by hi
that go to show that Smith was agent for plaintiff, and th
Smith either owned the note or had some understanding wi
the defendant that a higher rate of interest was agreed up
between him and the defendant, when the contract w
made, yet we think the court stated the effect of the e
dence fairly in sustaining the motion of defendant to
struct the jury to find for defendant. It was certainly wi
in the knowledge of the defendant to establish clea
whether any agreement had been made between himself a
Smith for a higher rate of interest than 10 per cent. bef
or at the time of the execution of the note and mortgage.
sustaining the motion of the defendant, the court used
following language in regard to the evidence: "The n
in evidence embraces a valid contract on its face, as by
terms it draws a rate of interest of ten per cent. per
num." "The defense is based, not upon the face of the c
tract, but by the facts established by the evidence, and
disputed, which occurred subsequent to the signing of
note, and before its final payment." The plaintiff, in
reply to defendant's answer alleging usury, denies that th
was any usury in the note, but that at its maturity he
fused to extend the note at a less rate of interest than 1½

ent. per month. The plaintiff alleges he bought the note om Smith, who was a loan broker at Vinita, Ind. Ter., nd agent of the defendant, about a week or ten days after he execution of the same, and the plaintiff states he is a esident of the state of Kansas. The defendant paid the rate f interest demanded by the plaintiff, through Smith, for me months, and Smith each time charged the defendant or $1.50 for attending to the matter for him, though it es not appear that there was any agreement between mith and defendant authorizing him to do so; hence the fendant for some months was paying to plaintiff usurious terest, and each time the note was extended a fee to Smith, hich, without agreement, would also be properly charged usury. Now, the question presented is: It being con- sive that the original note and mortgage are not shown the proof to be tainted with usury, did the act of the aintiff in demanding and receiving a usurious interest after turity of the paper, for extending the same, make the te and mortgage void? "Where the original transaction s valid, but subsequently by a usurious agreement the e of payment was extended, the taint of the subsequent al contract does not effect the original contract. Where yments on such usurious agreement were made to plain- 's husband as her agent, and plaintiff knew and permitted m, she is chargeable with the sums so paid. Where ney is due on a lawful debt, in connection with which a rious contract has arisen, all payments made on either e must be credited on the valid claim." Humphrey vs Cauley, 17 S. W. 713, 55 Ark. 143. "The loan and the se- ity being complete and valid, neither of them was affect- by the usurious rate of interest inserted in the note and rtgage subsequently executed for the same debt, unless unlawful interest was contemplated by the original agree- nt; and there is nothing to show that it was." Johnson Hull, 57 Ark. 553, 22 S. W. 176, and cases cited. These

are Arkansas cases, and are conclusive. The defendar seems to rely upon Garvin vs Linton, 35 S. W. 430, but a examination of this case shows it to be in harmony with th cases cited above. The parties in Garvin vs Linton unde took to rescind a usurious contract, and eliminate the usur; Held, they could do so, and, upon rehearing in this case, r ported in 37 S. W. 569, it was held that where, by mistak part of the usury included in the first contract was carrie into the second contract, the second contract was valid, e cept as to the usury thus by mistake carried into the secor contract. We think the usurious interest paid by the d fendant should be credited on defendant's note, and the fe charged by Smith, if he was acting for the plaintiff in e tending the paper, or the charge was known to the plainti should also be credited on defendant's note, and the ca should be reversed and remanded.

CLAYTON and THOMAS, JJ., concur.