## SMITH vs NEELEY.

### Opinion delivered October 26, 1899.

1. *Usury—Burden of proof.*

   The burden of proving usury is on the party who alleges it.

2. *Note Partly Usurious—Mortgage Valid for Part Not Usurious.*

   A note was given in discharge and payment of two other notes and a mortgage given securing same, and the property delivered to the mortgagee. One of the notes for which the note was given was tainted with usury; the other was not usurious. *Held,* The note secured by the mortgage was void only pro tanto and the mortgage securing the valid part of the note was valid and binding, and the mortgagee being in possession was rightfully in possession, and the mortgagor could not maintain an action of replevin for the property.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Replevin by A. D. Neeley against F. M. Smith. Judgment of the district court sustaining a judgment of the commissioner in favor of plaintiff. Defendant appeals. Reversed.

On the 7th day of June, 1895, affidavit in replevin was filed before Robert L. McClure, United States commissioner for the Northern district of the Indian Territory, at Vinita, by the plaintiff below, the appellee here, against the defendant below, the appellant here. In said affidavit plaintiff alleged that he was the owner and entitled to the immediate possession of certain property mentioned. On the 9th day

of July, 1895, plaintiff filed an amended pleading, and alleges: That about April 1, 1894, he borrowed $155 from the defendant, and gave his note, due about May 1, 1895, with interest at 10 per cent. per annum, and with chattel mortgage on property replevied in this action, to secure payment of the note. That, at the time of the execution of the note, plaintiff and defendant entered into an agreement that said note should draw interest at 2 per cent per month, or 24 per cent. per year. That plaintiff obtained possession of said property by virtue of said pretended mortgage. "Plaintiff states that the note and mortgage by which defendant claims the right of possession of said property was made and entered into under a corrupt and unlawful agreement between plaintiff and defendant, and at the instance of defendant, to take and receive more than the legal rate of interest, to wit, 2 per cent. per month, being at the rate of 24 per cent. per year. That said note, being void both as to principal and interest, gives the defendant no right to the possession of said property." On August 30, 1895, defendant filed his answer, and admits possession of property, but denies its alleged value; denies plaintiff is owner or entitled to immediate possession of said property, or that he wrongfully detains same from plaintiff; denies plaintiff borrowed from defendant $155, April 1, 1894, or gave his note to May 1, 1895; denies that he and plaintiff entered into any agreement about interest, except that mentioned in the note; denies any corrupt agreement; and alleges that on March 31, 1894, plaintiff was indebted on two notes past due, one for $91.75, and one for $46.75, with $3.80 back interest, and $1.75 due defendant for making and recording the note and mortgage hereinafter mentioned, and to pay the same made a note for $144.15, secured by chattel mortgage, and "ordered and directed the defendant to sell said note and mortgage aforesaid, and pay all his indebtedness." That, to do so, defendant had to indorse said note. That he sold same

to M. E. Dupree, who is the owner of same.    That on April 25, 1895, plaintiff turned over property described to be sold, and proceeds applied on said note.    On August 30, 1895, case was tried before the commissioner, and judgment for plaintiff for property valued at $100.    Defendant appealed to the United States court at Vinita.    On October 29, 1896, case was tried in the district court, and, by agreement of parties, a jury was waived, and all the issues submitted to the court; whereupon, the court, after taking case under advisement, decided for the plaintiff.    Motion for new trial was made, and overruled by the court, and defendant appealed to this court.

*Wm. T. Hutchings*, for appellant.

TOWNSEND, J.    The appellant has filed eight specifications of error, as follows;    "The court below erred:    (1) In its answer to the following request for a special finding: 'What was the defendant's relation to said note and mortgage, and for whom and in what capacity did he act?'—said special finding being as follows:    'When the note was made the defendant acted for himself and his wife, or in the name of his wife.    Afterwards, prior to maturity of the note, defendant and his wife endorsed it in blank, and defendant testified that he sold it to Mrs. M. E Dupree.    He acted for himself, to protect himself as surety on the note, and as agent of Mrs. Dupree in the collection of the note and in the foreclosing of the mortgage.'    (2) In its answer to the following request for a special finding:    'What amount of money was realized by the plaintiff on said note and mortgage, and to whom was it paid?'—the answer to the same being as follows:    'No money was realized, but the plaintiff, by giving the note, obtained the extinguishing of debt, evidenced by two otherpromissory notes, one note for $46.75, and one for $91.75, and accrued interest, and $1.75 charges of defendant

for services and filing mortgage.' (3) In its answer to the following question: 'Did usurious interest form any part of consideration of the note in question?—said answer being as follows: 'My recollection of the testimony is that about $3 of the principal of the note in question was for usurious interest on one of the two notes which plaintiff had previously given, and which were to be paid off or extinguished by the new note.' (4) In its answer to the following question: 'Did the defendant in this case ever take any usurious interest on either of the notes that form a part of the consideration of the note in question?'—the answer being: 'It is my recollection of the evidence that he did.' (5) In the following declaration of law: 'The court is of the opinion that the mortgage which is pleaded in this case as the authority for the seizure of the property in question and the holding of the same was void, for the reason that it was used by the defendant for the purpose of protecting him as surety upon a note, upon which, as agent for the payee, he was collecting, after maturity, two per cent. a month.' (6) In the following declaration of law: 'And that the requirement of the payment of usurious interest upon a contract of any kind renders that contract, under the laws in force in this jurisdiction, void.' (7) In the following declaration of law: 'The mortgage is only sued upon in this case, and is pleaded here as authority for the hold ng of the property, and it seems that this property was either taken by the defendant for the purpose of securing himself as surety or as agent of the payee of the note. If he was the agent of the payee of the note, she was bound by his acts, and therefore was guilty of usurious consideration for further extension of time on the note. If he was acting for himself for the purpose of protecting himself as surety and taking usurious interest, his own act vitiated the instrument, and makes it a usurious contract.' (8) In overruling the defendant's motion for a new trial.''

It appears that this action of replevin was brought by the plaintiff below, appellee here, to recover possession of certain property included in a chattel mortgage which was executed by appellee to secure the payment of a certain note, and which property had been turned over by the appellee to the defendant below, appellant here, to be sold, in accordance with the terms of said mortgage, to pay and discharge said note. It appears that the note was given by appellee in discharge and payment of two other notes that had been previously executed by him and had matured. Did one or both of these two notes embrace any usury? If they both did, then the note given in payment of them would be affected or tainted with usury; if one of them did, it would be affected to that extent.

The case having been tried by the court without a jury, the findings of fact by the court on that point are contained in the third and fourth specifications of error, supra. It appears that, according to the recollection of the court, one of the notes had three dollars of usury in it. The appellant insists in argument that, as the court made his findings some weeks subsequent to the hearing, his recollection of the evidence was dim, and that, as a fact, the evidence did not disclose any usury in either of the two original notes. It, however, appears from the findings of the court, as set out in the fifth, sixth, and seventh specifications of error, supra. that the court was of the opinion that charging usury for the extension of a note vitiated the same; but it does not appear from the evidence that the holder of the note was a party to, or knew of any usury, or that she ever authorized appellant, who according to the findings of the court, was agent for the holder, to charge usury. Call vs Palmer, 116 U. S. 98, 6 Sup. Ct. 301. In fact, the note was sold to the holder by Smith and wife, after its execution, before maturity, and for value. Taking the recollection of the court as correct, only one of the orig-

inal notes was tainted with usury, and we think the law is well settled that no contract which in its inception is unaffected by usury can ever be invalidated by any subsequent usurious transaction. McEwin vs Humphrey (1 Ind. T. 550); Nichols vs Fearson, 7 Pet. 104; Johnson vs Hull, 57 Ark. 550, 22 S. W. 176; Humphrey vs McCauley, 55 Ark. 143, 17 S. W. 713; Tyler, Usury, pp. 111, 126, 402. The contract on its face did not import usury. Therefore it was necessary to prove some corrupt agreement, device, or shift to cover usury. The fees charged for drawing, acknowledging, and recording the chattel mortgage were legitimate, and usury must be intentionally received, and the burden is on the party alleging it. See Taylor vs Association, 56 Ark. 340, 19 S. W. 918; McAleese vs Goodwin, 16 C. C. A. 387, 69 Fed. 759; Baird vs Millwood, 51 Ark. 548, 11 S. W. 881; Richardson vs Shattuck, 57 Ark. 347, 21 S. W. 478; Thurston vs Cornell, 38 N. Y. 281; Garvin vs Linton (Ark.) 37 S. W. 569; Stillman vs Northrup, 109 N. Y. 477, 17 N. E. 379; Jarvis vs Grocery Co. (Ark.) 38 S. W. 148; Holt vs Kirby, 57 Ark. 256, 21 S. W. 432.

Only one of the original notes contained usury, according to the recollection of the court. Hence the note secured by the mortgage could only be void pro tanto, and the mortgage securing the part of the note that is not invalidated by usury was valid and binding, and the appellant, being in possession, is rightfully in possession to secure all of the debt not invalidated by usury, and the appellee cannot maintain this action. Reversed and remanded.

CLAYTON and THOMAS, JJ., concur.