## CARDER, ET AL. VS WALLACE.

## Opinion delivered April 5, 1901.

*1. Appeal and Error—Masters Findings, Confirmed by Trial Court,
Conclusive on Appeal.*

> The findings of fact, reported by a master, when confirmed by
> the trial court are as conclusive upon the parties as a verdict
> of a jury, and this finding will not be disturbed where the
> evidence is conflicting.

*2. Usury—An Affirmative Defense—Burden of Proof on Defendant.*

> In an action on a promissory note, the plea of usury by the
> defendant is a matter of affirmative defense, and the burden
> of proof is upon the defendant to establish same by a prepond-
> erance of the evidence. And where defendant, in such an
> action, was unable to state what amounts had been paid by
> him as interest or otherwise on the note, or how he had re-
> paid various small sums of money loaned to him from time to
> time, which the note covered, he wholly fails to sustain the
> burden, and must fail in his defense.

Appeal from the United States court for the Northern
district.

WILLIAM M. SPRINGER, Judge.

Action by J. W. Wallace against A. E. Carder and
others. Judgment in favor of plaintiff. Defendants appeal.
Affirmed.

The appellee (plaintiff below) brought suit against
appellants (defendants below) in equity on a promissory
note executed by the defendants on March 15, 1898, for the
sum of $2,500, due in six months, with interest at 10 per cent.
per annum, payable to the order of plaintiff, and to foreclose
a mortgage on certain premises in the town of Wagoner,
given by said defendants to plaintiff to secure the payment of

said note. Defendants in their answer admit the execution of the note and mortgage, but deny that the plaintiff is entitled to recover on said note, because the same is tainted with usury, and say that said usury arose as follows: That on the 1st day of November; 1895, defendants borrowed $1,300 of plaintiff, but that plaintiff contracted with and demanded and exacted of and from said defendant Carder 18 per cent. interest per annum on said amount of money, for which defendants gave their note, due 90 days after date, to plaintiff, which note on its face bore only 10 per cent. interest; that thereafter, and on July 1, 1896, said last note having come due, defendants executed a second note to plaintiff for the sum of $1,700, due October 1, 1896, bearing on its face interest at the rate of 10 per cent. per annum, and that thereafter, on the 15th day of March, 1898, said last-named note being unpaid, the defendants, at the request of plaintiff, executed and delivered to plaintiff the promissory note sued on in this case, for $2,500, to cover the amount which plaintiff falsely and corruptly claimed to be due him on said last above mentioned note, and the further sum of $185, which had been advanced by plaintiff to defendants after the execution of the said $1,700. This case was referred by the court to the master in chancery, who took testimony and reported his special findings of law and facts, finding in favor of plaintiff (the appellee) to which defendants (the appellants) filed exceptions. Said report and the exceptions thereto were fully considered by the court below, and the court overruled said exceptions and confirmed the report of the master in chancery, and entered up judgment therein in favor of appellee and against appellants in the sum of $2,672.89, with interest from May 24, 1899, at the rate of 10 per cent. per annum, and for costs, and a further judgment for the foreclosure of said mortgage and the sale of said mortgaged premises to satisfy said udgment. To these rulings and this judgment appellants

duly excepted, and prayed and were allowed an appeal to this court.

John D. Freeman, Thomas Marcum, DeRoos Bailey, and Thomas Owen, for appellants.

N. B. Maxey, W. B. Hunt, and Anthony Crafton, for appellee.

GILL, J. This case turns entirely upon matters of fact, or rather upon the conclusions of the master in chancery and the court below in its judgments on the testimony submitted. The master in chancery to whom the case was referred, reported his conclusions upon the law and the facts. In this case exceptions were filed to the report of the master in chancery, and the court below, upon full presentation of the matter, sustained the master's conclusions as to the facts, and confirmed his report, and announced its judgment upon such report.

It seems to be well established as a principle that this court will not disturb the judgment of the trial court where the evidence is conflicting. Martin Browne Co. vs Morris, 1 Ind. T. 495, (42 S. W. 423); Malting Co. vs Schroeder, 67 Ill. App. 560; Hayes vs Hammond, 162 Ill. 133, 44 N. E. 422; Dean vs Emerson, 102 Mass. 480; 14 Am. & Eng. Enc. Law (1st Ed.) 940, and notes; Missouri Pac. R. Co. vs. Texas & P. Ry. Co. (C. C.) 33 Fed. 803. An examination of the evidence in this case not only discloses conflict therein, but further that the defendant failed wholly to establish his claim of usury by a preponderance of the testimony. The plea of usury is affirmative in its nature,— one which the defendant undertakes to establish and must establish by a preponderance of the evidence. McEwin vs Humphrey, 1 Ind. T. 553, (45 S. W. 114;) Bayliss vs Cockcroft 81 N. Y. 363; Webb, Usury, § § 416—418; 27 Am. & Eng. Enc. Law, 1046, and note 1, and cases cited; Berdan vs Trustees, 47 N. J. Eq. 8, 21 Atl. 40; McAleese vs Goodwin,

*Plea of usury an affirmative Defense.*

69 Fed. 759, 16 C. C. A. 387.   In this case, where the burden is upon the defendant, he not only fails by a preponderance of the testimony to show that the note sued on is tainted with usury, but was unable to state clearly the amounts of money going to make up the $1,700 note or the $2,500 note; nor does it appear clearly by his testimony that he knew just what amounts he had paid the plaintiff by way of interest, or otherwise, on the notes, or how he had repaid the plaintiff various small sums of money which appear in the testimony to have been loaned him from time to time by the plaintiff.   Inasmuch as the master in chancery has reported fully in this case, and that report has been confirmed by the court below, and in view of the fact that this ordinarily is as conclusive upon the parties as the verdict of a jury in an action at law, and the evidence in the case is, to say the least, conflicting, we are of the opinion that the judgment of the court below was right and ought to stand, and the same is therefore affirmed.

CLAYTON, C. J., and THOMAS and TOWNSEND, JJ., concur.