BANKERS TRUST CO. OF DETROIT v. COWHEY.

1. MORTGAGES — FORECLOSURE—EVIDENCE INSUFFICIENT TO ESTAB-LISH ORAL AGREEMENT MODIFYING MORTGAGES.

   In a suit for the foreclosure of mortgages on an apart-ment house, where defendants sought to set off damages for the breach of an alleged oral agreement modifying the mortgages, whereby the mortgagee agreed to keep the building fully insured, the finding of the court below that the evidence, which was very conflicting, was insufficient to establish said oral agreement, *held*, justified by the record.

2. USURY—BURDEN OF PROOF.

   Defendants, who pleaded usury as a defense to the fore-closure of mortgages, had the burden of proof.

3. SAME—EVIDENCE INSUFFICIENT TO ESTABLISH USURY.

Where, by agreement between mortgagors and mortgagee, the latter was to be paid for certain valuable services which it rendered, a showing by the mortgagors that the amount retained by the mortgagee slightly exceeded the maximum interest rate of seven per cent. was insufficient to establish usury, in the absence of a showing .as to what the services rendered were fairly worth, and that after deducting same the interest rate would be usurious.

Appeal from Wayne; Jayne (Ira W.), J.    Submitted May 2, 1928.    (Docket No. 150, Calendar No. 33,717.)    Decided July 24, 1928.    Rehearing denied October 1, 1928.

Bill by the Bankers Trust Company of Detroit against Thomas F. Cowhey and another for the foreclosure of mortgages.    From a decree for plaintiff, defendants appeal.    Affirmed.

*Frank C. Cook* and *John P. O'Hara,* for plaintiff.

*Edward N. Barnard,* for defendants.

CLARK, J.    The bill was filed to foreclose two mortgages in the aggregate principal sum of $90,000 on which there was claimed and found to be due at time of decree, for principal, interest, and taxes and insurance paid, $131,989.52.    From a decree for plaintiff, defendants have appealed.

The money was loaned and advanced from time to time to enable defendants to erect an apartment house. Both mortgages provided:

"The said mortgagors will, as long as the moneys secured hereby remain unpaid, keep all insurable property covered hereby insured against loss and damage by fire, with insurers and in amount and manner selected or approved by the mortgagee, its successors or assigns, with the insurance money in case of loss made payable in the policies thereof to the mortgagee, its successors or assigns, as its or their mortgage in-

terest, may appear, and deliver to the mortgagee as issued, its successors, or assigns, all policies of such insurance, and pay on their issue the premium for the same."

The defense to the bill raised by the answer was that the stipulation respecting insurance had been modified by a later oral agreement that the mortgagee would keep the property fully covered by fire insurance, that a fire had occurred, that the property was insured but partially, that defendants thereby sustained a large loss, and that they would set off damages against the amount claimed to be due on the mortgages. The evidence relating to this matter was conflicting. The trial judge disposed of the question by finding that the evidence did not in fact establish such oral modification of the mortgages. We reach the same conclusion and therefore find it unnecessary to consider other questions raised on this issue.

During the hearing defendants' present counsel, who had come into the case shortly before the hearing, asked and was granted leave to amend the answer to plead usury. No amendment was made formally. From the evidence adduced it appears that the mortgage notes call for interest at six per cent. per annum, that it was agreed the mortgagee receive $4,500 of the principal sum of $90,000 and that it did not pay the same to or for defendants, that the mortgage tax and another small item were charged against defendants and out of the principal sum of the mortgages, that the total of the sums so retained was a little over $5,000, and that if such retaining was wrongful the interest exacted was slightly above seven per cent., the maximum of the statute.

As to the amounts so retained plaintiff was authorized by agreement by and between the parties as follows:

"This will be your authority to make payments against such mortgage loan direct to the contractors

or others of interest in such building upon the order of Thomas Cowhey. You are hereby authorized to withhold five per cent. of the amount of such mortgage loan as your compensation for inspection of buildings, services, title guaranty, compensation for resale of loan and various and sundry clerical expenses incidental thereto."

The principal matter discussed by counsel is claimed compensation for resale of or placing a loan, it being contended on one hand ·that plaintiff was itself the mortgagee and not entitled to such compensation, and on the other hand that it was agent or trustee of defendants to place or procure the loan, and as such entitled to be compensated. The question is not decisive, for the reason that plaintiff actually rendered to defendants other valuable services for which it, by agreement, was entitled to compensation. *Federal Bond & Mortgage Co.* v. *Burstein*, 222 Mich. 88. It at least inspected the building during the progress of the work; it paid contractors, and it took from them sworn statements and waivers of liens, and it did clerical work. The record does not disclose what these services were fairly worth, nor does it show that after allowances in compensation thereof the rate is usurious. The burden of proof to establish usury was upon defendants who asserted it. They have not sustained the burden.

We have considered other suggestions of counsel. No other question requires discussion.

Decree affirmed, with costs to appellee.

FEAD, C. J., and NORTH, FELLOWS, WIEST, POTTER, and SHARPE, JJ., concurred. McDONALD, J., did not sit.