MINNESOTA MUTUAL LIFE INS. CO. *v.* SCHLANGER.

1. INTERPLEADER—CREDITOR BENEFICIARIES UNDER LIFE INSURANCE
POLICY—EVIDENCE.

Under agreement between insured, her beneficiary who was a
creditor, and other creditors who were first contingent benefici-
aries, whereby amount payable to beneficiary could not be in-
creased without consent of the first contingent beneficiaries
who were to pay accruing premiums, and indorsement on the
policy pursuant thereto whereby insured's sister was named
second contingent beneficiary, first contingent beneficiaries
*held,* to have established a *prima facie* right to recover, on
insurer's bill of interpleader, amount of proceeds of policy
after payment of beneficiary's undisputed claim, towards satis-
faction of amounts paid on premiums and last renewal note,
made subsequent to policy indorsement and merging loans
made prior and subsequent to indorsement, by introduction of
such note which bore notation in insured's handwriting that it
was secured by the life insurance policy involved.

2. USURY—MERGER OF USURIOUS AND NONUSURIOUS CLAIMS.

Mere fact that a usurious claim is merged with other claims
which are not usurious into a single obligation does not taint
the nonusurious claims with usury although all claims were be-
tween the same parties and closed at the same time and secured
by the same security.

3. SAME—CONSTRUCTION OF STATUTES.

Usury statutes, being penal in character, must be strictly con-
strued and unless they take away equitable rights, they remain.

(207)

4. Interpleader—Proceeds of Insurance Fund—Legal Rights—Equity.

At suit of insurer commenced by bill of interpleader to determine amount of first contingent beneficiaries' claim opposed by second contingent beneficiary, rights of respective parties involved are legal rights notwithstanding they are in a court of equity.

5. Usury—Burden of Proof.

Party, in suit commenced by bill of interpleader, who asserts opponents' claim was usurious, has burden so to prove.

6. Same—Diminution of Claim by Amount of Bonus and Interest.

In proceeding involving determination of creditors' claims, where one portion of claim was usurious in that creditor exacted a bonus of $500 out of a $6,000 loan, total claim is diminished by amount of such bonus and entire interest on that loan.

7. Interpleader—Proceeds of Insurance Fund—Creditors.

In insurer's interpleader suit involving dispute as to proceeds of life insurance policy between first contingent beneficiaries and second contingent beneficiary, where claim of first contingent beneficiaries was based on payment of premiums and loans not tainted with usury in excess of balance available for satisfaction of their claims, such beneficiaries *held*, entitled to entire balance available.

8. Appeal and Error—Hearsay.

Testimony of a witness as to matter of usury which was based entirely on hearsay and as to which proper objection to admission was made *held*, of no evidentiary force.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted January 18, 1938. (Docket No. 100, Calendar No. 39,852.) Decided April 5, 1938. Rehearing denied June 14, 1938.

Bill by Minnesota Mutual Life Insurance Company, a Minnesota corporation, against Harry Schlanger, Victor A. Meloche and wife and Emma

A. Jackson to require defendants to interplead and determine their rights to the proceeds of a life insurance policy. Decree allowing claim of defendants Schlanger and Meloche. Defendant Jackson appeals. Affirmed.

*Thompson, Allen & Harmon* (*Thomas L. Poindexter*, of counsel), for defendants Meloche.

*Welsh, Bebout & Hill*, for defendant Jackson.

North, J. At the time of her death, April 16, 1936, Mrs. Anna M. McIntyre carried a life insurance policy, No. 95776, in plaintiff company. After deducting from the amount otherwise due on the policy loans by the company, costs allowed plaintiff and $14,539.95, payment of which was secured to defendant Schlanger by the policy, there remained a balance of $53,933.61. The insurance company paid into court the net amount due on the policy and brought defendants in by bill of interpleader. The amount and priority of the Schlanger claim was determined in the circuit court. So the actual controversy is between defendants Meloche, who as creditor beneficiaries assert a large claim, and Emma A. Jackson, a sister of deceased who was designated as a beneficiary subject to the Schlanger and Meloche claims. As such beneficiary Miss Jackson contests (on the ground of alleged usury) the amount of the claim asserted against the insurance fund by defendants Meloche.

Mrs. McIntyre had been actively engaged in the real estate business. For a number of years on numerous occasions she had used this policy as a means of securing her creditors. This was accomplished by making them creditor beneficiaries, not by

pledging the policy as collateral. On October 21, 1930, the following indorsement was made on the policy:

"At the request of the insured the within policy is hereby made payable to Harry Schlanger, creditor (beneficiary), as his interest may appear, balance, if any, to Victor A. Meloche and Mabel Meloche, creditors of the insured (first contingent beneficiaries), jointly or to the survivor, as their interest may appear, balance, if any, to Emma A. Jackson, sister of the insured (second contingent beneficiary), without the right reserved to the insured to change the beneficiary or first contingent beneficiaries, but with the right reserved to change the second contingent beneficiary."

The above indorsement was made pursuant to an agreement previously entered into by the insured and the two first-named beneficiaries. In part the agreement reads:

"Now, therefore, it is understood and agreed between all the parties hereto:

"That the second party (Harry Schlanger) is a creditor of first party (Anna M. McIntyre) at the date hereof to an amount not exceeding $12,879.18, and,

"It is agreed between the parties hereto, in consideration of third parties (Mr. and Mrs. Meloche) paying the premium next due under the said policy and premiums coming due hereafter that the indebtedness of first party to second party shall not be increased without the consent of third parties, except such interest as may accrue on said indebtedness, and except any sums that may be advanced for the payment of premiums under the said policy."

In the answer filed by the Meloches to the bill of interpleader, they allege that they were creditor

beneficiaries under the policy (subject to the Schlanger claim) in the sum of $64,514.18, plus accrued interest. This amount was more than $10,000 in excess of the balance of the insurance fund. Miss Jackson filed an answer to the Meloche claim, and as a defense thereto affirmatively alleged usury and denied that the actual amount due the Meloches and payable out of the insurance fund was as large as the amount claimed.

Miss Jackson has appealed from the holding of the circuit judge which sustained the contention of defendants Meloche that the policy secured to them the payment of any and all indebtedness which might be due to them from Mrs. McIntyre at the time of her death. In this connection appellant makes three distinct claims.

1. That the circuit judge was in error in not holding that the only amount proven by defendants Meloche to be due them and secured by the pledged policy was $8,485.12 (with interest thereon) paid by them to the insurance company for premiums on the policy.

2. That if the above contention is not sustained, then the circuit judge erred in holding that the policy was pledged to defendants Meloche to secure loans or other obligations of the insured to the defendants Meloche, which loans were made or obligations incurred subsequent to the date of the indorsement on the policy (October 21, 1930) making the defendants Meloche creditor beneficiaries.

3. That in any event the circuit judge was in error in holding that the insurance policy was pledged to secure a note given by the insured on the 15th day of May, 1933, to defendants Meloche in the principal sum of $45,567 payable one year after date.

The prōmissory note of May 15, 1933, in the usual form, is in the handwriting of Mrs. McIntyre. This appears from the exhibit on file. In the same handwriting the following notation is given beneath her signature: "Secured by life insurance policy No. 95776." In view of the former agreement of the parties hereinbefore quoted and the indorsement made upon the insurance policy, there can be no reasonable doubt the parties intended that the payment of this note should be secured by the insurance. The notation in Mrs. McIntyre's handwriting on the note specifically so provided, and (subject to the defense of usury hereinafter considered) it must be so held. It follows that none of appellant's three contentions just above noted can be sustained.

The record is clear that the indorsement upon the policy of defendants Meloche as creditor beneficiaries contemplated the possibility of payment by them of further accruing premiums. One of the purposes of such indorsement was to secure repayment to them of the amount so paid with interest thereon. This seems to be conceded by appellant. Subsequent to the date of the promissory note defendants Meloche paid premiums on the policy amounting to $8,485.12. This amount together with the principal of the promissory note and accrued interest brought the total due to defendants Meloche, as fixed by the court's decree, to $64,514.64. By competent testimony the defendants Meloche established a *prima facie* indebtedness due to them from Mrs. McIntyre in the above amount and their right to payment from the insurance fund.

As hereinbefore noted the defense of usury is urged by Miss Jackson against the Meloche claim. The trial judge held that this claim was usurious; but he sustained appellees' contention that as a mat-

ter of law the defense of usury, being a personal defense, was not available to Miss Jackson. On this appeal Miss Jackson asserts the judge was in error in holding that the defense of usury was not open to her under the circumstances of the case.

Our consideration of this record has brought the conclusion it is not essential to decision that we pass upon the question of the availability of the defense of usury to appellant. Instead we may assume, without so holding, that this defense is open to her; but even so the decree entered in the circuit court must be affirmed for reasons hereinafter noted. This result is necessitated by the limited extent to which the Meloche claim is infected with usury. The following facts are pertinent. While Mrs. McIntyre had previously had several loan transactions with Mr. Meloche, sometime about the first of the year 1927 their affairs were settled in full. But in February, 1927, Mrs. McIntyre borrowed of Mr. Meloche $6,000. We are satisfied from the record that a bonus of $500 was charged in connection with this loan and that the bonus was paid in part at least. The record does not disclose with any degree of certainty the date of maturity of the $6,000 note. But it does appear that about this time Mr. Meloche made numerous other substantial loans to Mrs. McIntyre for which separate notes were given. We are unable to find in the record any satisfactory testimony of usury in connection with any of these other loans. But it does appear that these separate loans were carried as such for some considerable time. Eventually (unfortunately from this unsatisfactory record the exact date does not appear) all of the outstanding loans between these parties were embodied in a single note, the $6,000 usurious loan being included with the others. The $45,567 note offered in evidence

in this case was given May 15, 1933. It is the final renewal of the note in which the previous separate obligations of Mrs. McIntyre were merged. To the extent that the original $6,000 note was carried into this final note, the transaction is usurious under the testimony in this record.

The obvious purpose of appellant in asserting the defense of usury is to minimize the amount of the Meloche claim to the insurance fund. Assuming, for the purposes of decision herein, that she may assert this defense, the question arises to what extent can she thereby minimize the Meloche claim. The mere fact that a usurious claim is merged with other claims which are not usurious into a single obligation does not taint the nonusurious claims with usury.

"Where one of several separate and independent loans is usurious, the taint does not adhere to the others, although all were between the same parties, closed at the same time, and secured by the same mortgage." 66 C. J. p. 241.

"Where a usurious debt was contracted, and then a second debt which was not usurious, and a new note was given for these two debts, so much of this new note as represented the second debt was not usurious." *Porter* v. *Jefferies* (syllabus), 40 S. C. 92 (18 S. E. 229).

"Where one of two loans is usurious, the other is not affected merely because they were made at about the same time and secured by the same mortgage. If the loans are in fact separate and independent, they will be so treated in regard to usury." *Jackson* v. *May* (syllabus), 28 Ill. App. 305.

"The fact that this usurious (store) account was, when the mortgage for $24,956.43 as (was?) executed, brought into that mortgage and consolidated

with debts not tainted with usury, does not render the debts not tainted with usury and which were brought into that mortgage usurious. *Smith* v. *Neeley,* 2 Ind. Terr. 651 (53 S. W. 450; *Eslava* v. *Crampton,* 61 Ala. 507; *Noble* v. *Moses Brothers,* 74 Ala. 604.'' *Compton* v. *Collins,* 190 Ala. 499, 514 (67 South. 395).

To the same effect see the following cases: *Cook* v. *Barnes,* 36 N. Y. 520; *Davis* v. *Elba Bank & Trust Co.,* 216 Ala. 632 (114 South. 211); *Hynes* v. *Stevens,* 62 Ark. 491 (36 S. W. 689); *White* v. *Freeman,* 79 Va. 597, *Turregano* v. *Barnett,* 127 La. 620 (53 South. 884); *Ammondson* v. *Ryan,* 111 Ill. 506; *Haines* v. *Commercial Mortgage Co.,* 200 Cal. 609 (254 Pac. 956, 53 A. L. R. 725).

We think the law as stated in the above cited authorities is sound. We have said:

''Usury statutes, being penal in character, must be strictly construed, and unless the statute takes away equitable rights it follows that they remain.'' *Vandervelde* v. *Wilson,* 176 Mich. 185.

The instant case is not one of equities but instead the issue involves the legal rights of the respective parties. This is true notwithstanding the parties are in a court of equity as defendants to plaintiff's bill of interpleader. Appellant is the party who is affirmatively asserting usury and the burden is upon her so to prove. *Bankers Trust Co. of Detroit* v. *Cowhey,* 243 Mich. 353. She has not established her claim of usury except to the extent hereinbefore indicated. It follows that the extent to which she is entitled to minimize the Meloche claim is measured by the amount appellees' total claim should be diminished on account of the $6,000 usurious loan having been merged with other loans which were not usurious in the $45,567 note. In other words the

Meloche claim, as presented, should be diminished under our statute (2 Comp. Laws 1929, §§ 9240, 9241 [Stat. Ann. §§ 19.12, 19.13]) by the amount of bonus paid and by disallowing interest on the $6,000 loan for the time intervening between the date of the loan, February 7, 1927, and the date to which interest was computed on the Meloche claim, July 11, 1936. So figured the approximate amount of the interest would be $4,000. There is proof of bonus payments amounting to $200. Thus the total to be deducted from the Meloche claim on account of bonus and usury would be about $4,200. But even after making such deductions there remains due to the appellees approximately $60,314.64. This exceeds the available amount of the insurance fund by more than $6,000. It follows that notwithstanding appellant has established the claim of usury she is not under the record entitled to any part of the insurance fund.

We have not overlooked the testimony of a brother of the assured and of appellant that the amount of bonus in the Meloche transactions was "a little better than $20,000." The record conclusively shows that the testimony of this witness in this particular is based on hearsay. Proper objection to its admissibility was made. Clearly it is of no evidentiary force.

In view of the foregoing it is not necessary to review other questions considered in the briefs. The decree entered in the circuit court is affirmed. Costs to appellees.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.