133:81 Fed 910

# DAVID S. HAYES

*v.*

# JOHN HAMMOND *et al.*

*Filed at Ottawa June 13, 1896.*

| | |
|---|---|
| 162 | 133 |
| 166 | 643 |
| 162 | 133 |
| 69a | 243 |
| 162 | 133 |
| 169 | 104 |
| 170 | 402 |
| 71a | 541 |
| 71a | 550 |
| 162 | 133 |
| 76a | 355 |
| 162 | 133 |
| 177 | 25 |
| 162 | 133 |
| f185 | 482 |
| 88a | 359 |
| 162 | 133 |
| 99a | ⁴107 |
| 162 | 133 |
| 199 | ⁴303 |
| 162 | 133 |
| 203 | ¹202 |

1. PRACTICE—*in chancery—exceptions to master's report.* Under the statute requiring all evidence taken by the master to be reported, exceptions to his report need not recite the evidence relied upon, but only need point out distinctly the findings and conclusions sought to be reversed.

2. SAME—*one excepting to master's report must refer to evidence.* The chancellor is not required to search for evidence to sustain exceptions to a master's report, but may, by proper rule, require the evidence relied upon to be abstracted or otherwise presented in convenient form, and only evidence relating to the exceptions need be heard.

3. SAME—*proper procedure where master draws wrong legal conclusion.* Where the facts are stated correctly by the master and it is claimed he has drawn a wrong legal conclusion from them, no exception is necessary.

4. MECHANIC'S LIEN—*sufficiency of claim filed for lien.* The statement in a claim filed for mechanic's lien that a written contract was entered into "about the 2d day of July, 1892," is sufficiently supported by a contract offered in evidence dated June 29, 1892, but alleged and proved to have been made at the date stated.

5. SAME—*when claim for lien need not give items—entire contract.* Separate items and dates of work done and materials furnished need not be given in the claim filed where it sets out an entire contract, and shows a continuous performance between dates given.

6. SAME—*affidavit to claim—what sufficient.* An affidavit verifying a claim for lien, as required by statute, need not have incorporated in it all the facts on which the claim is based, but is sufficient if it states that the claim filed is true in substance and in fact.

7. SAME—*effect of claiming too much in statement filed.* Claimants for a lien to which disputed deductions are set up, who act in good faith, are not bound, at the peril of losing their lien, to state in their claim for lien the precise amount finally allowed.

8. INTEREST—*words of contract construed as to usury.* The item in a claim for lien, "interest at five per cent, from September 7, 1892," does not show usury, as under the statue (Rev. Stat. chap. 74, sec. 9,) "per annum" is added after the rate named.

*Hayes* v. *Hammond & Chapman*, 61 Ill. App. 310, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

ENGLISH & HEFFERAN, for appellant.

DEFREES, BRACE & RITTER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees filed their bill against appellant to enforce a mechanic's lien. The bill was answered, and the cause was referred to the master in chancery to take and report to the court the evidence, with his conclusions of fact and law thereon. The master took and returned into court the evidence with his conclusions, finding that there was due the complainants the sum of $1307.13, with interest thereon at the rate of five per cent from September 7, 1892, and that they were entitled to a lien for that sum. Objection having been made by appellant to the report while in the master's hands, it was excepted to, and the cause was heard upon the exceptions. They were overruled, and a decree was entered for said sum of $1307.13, with interest from the time of filing the bill. On appeal to the Appellate Court that decree was affirmed.

A claim is made on the part of appellees that the exceptions of appellant could not be considered by the chancellor, or on appeal, because they do not set forth the evidence upon which appellant relies. It is claimed that a party excepting must point out the evidence bearing on the disputed questions of fact, either by incorporating the same into the exceptions, or by reference to the names of the witnesses and the numbers of the pages on which such evidence is recorded. The report of the master as to his conclusions of fact is in the nature of a special verdict, and the chancellor sits only to revise it

upon exceptions properly presented. These exceptions are somewhat in the nature of special demurrers, and should not be prolix or argumentative, but must state specifically and concisely the findings that are excepted to. (*Moffett* v. *Hanner*, 154 Ill. 649.) In the absence of any statute the master did not report the evidence to the court, and it was necessary for the parties to apply to him for certified copies of such evidence as they might require relating to matters excepted to; but by our statute the whole of the evidence is reported to the court, and the parties may select from it such portions as are relevant to the exceptions and present them to the court. It seems to be supposed that the chancellor is required to do this work, and will be compelled to search through the evidence to find testimony which will sustain the exceptions, unless it is pointed out in the exceptions themselves. But this is not the duty of the chancellor nor is it the practice. As the hearing is only upon exceptions, the chancellor is not required to hear any evidence except such as relates to the matters excepted to, and may, by any proper rule, effect that object, such as by requiring the evidence as to such matters to be abstracted or otherwise presented in convenient and proper form. But it is not the practice in this State to recite the evidence in the exceptions. The rule is the same as stated by the Supreme Court of the United States in *Foster* v. *Goddard*, 1 Black, 506, as follows: "All that is necessary is that the exception should distinctly point out the finding and conclusion of the master which it seeks to reverse. Having done so, it brings up for examination all questions of fact and of law arising upon the report of the master on that subject." It was also there said that such rule accorded with the experience of the judges of that court in equity practice elsewhere. Where the facts are stated correctly by the master, but it is claimed that he has drawn a wrong legal conclusion from them, no exception is necessary. (2 Daniell's Ch. Pr. 1310.) In this case there are

sufficient proper and specific exceptions to raise the questions argued by the parties.

Several objections are made to the claim for lien filed in the office of the clerk of the circuit court. The statement recites a written contract entered into on or about the 2d day of July, 1892, while the contract offered in evidence is dated June 29, 1892, and it is insisted that the statement did not sufficiently describe it. The bill charged that it was entered into about July 2, 1892, and the master and chancellor each found this to be true. The time stated was about the date of the paper, and a contract dated on one day may be entered into upon another. As it was proved that the contract was entered into at the time stated, the statement in that respect was sufficient.

It is urged also that the claim is not sufficient because it states that there is due a certain sum after allowing all just credits, deductions and set-offs, which presupposes that there are such just credits, deductions and set-offs, but they are not itemized or shown upon the statement. It is required by statute that the amount claimed should appear affirmatively as due over and above all credits, and this did appear by the affidavit. According to the statement there were no credits to be set down, and it does not necessarily follow that there must be credits to enable the parties to comply with the statute.

Again, it is contended that the statement is defective because it does not show each day on which items for extra work and material accrued. The contract set out was an entire contract, which the statement showed was performed continuously, from day to day, between July 2, 1892, and September 7, 1892, and while this contract was being performed sundry extra work and material were furnished. The contract, being an entire one, constituted a single item, and it was not necessary to give each date on which some increased work or material was furnished in its performance.

It is claimed, also, that the affidavit to the statement was insufficient. The statement or claim for lien was very full, and contained all the requirements of the law. The affidavit was made by John Hammond, one of the firm, and stated that the statement of account or claim for lien was true, in substance and in fact. It also contained further statements in support of the claim, which, perhaps, were superfluous. It seems to be claimed that it is necessary to repeat the contents of the statement in the affidavit, or to incorporate in the verification all the facts upon which the right to a lien is based; but this is not required, and the verification was clearly sufficient.

It is contended, also, that the statement was bad because the last item was, "Interest at five per cent, from September 7, 1892," and that five per cent for so short a period would be usurious. It is admitted that appellees could legally collect interest at that rate per annum, but that the claim was for five per cent for a shorter period. Section 9, chapter 74, of the Revised Statutes provides: "Whenever, in any  *  *  *  public or private instrument whatever, a certain rate of interest is or shall be mentioned, and no period of time is stated for which such rate is to be calculated, interest shall be calculated at the rate mentioned by the year, in the same manner as if 'per annum' or 'by the year' had been added to the rate." The point is without merit.

The most important claim made is, that because appellees did not recover, on the hearing, the entire amount stated in the claim for lien, the claim was thereby vitiated, as it was thus proved that it was not a just and true statement or account or demand due appellees, as required by statute. Although the Lien law, being in derogation of common right, is to be strictly construed, yet the purpose of the law is to promote and preserve industrial interests, and the construction should be reasonable, and not such as to render it inoperative. In this case the original contract price was $1347. On the hearing

before the master the appellant claimed deductions from that price to the amount of $1023.70. The master and chancellor made some small deductions, and it appears that the appellant set up an unfounded claim on that account to the amount of nearly $1000. The deductions being unliquidated and in dispute between the parties, it would be practically impossible for appellees to credit on their statement the precise amount which might be subsequently allowed by the court upon a hearing. To say that appellees should have stated the precise amount which might be finally allowed under the circumstances disclosed here, at the peril of losing their lien for such trifling deductions as were made, where they were acting in good faith, would be to render the statute nugatory.

None of the objections to the claim for lien have any force. We think that the evidence justified the findings of the master as to matters of fact, and that the exceptions were properly overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*