## BURKE v. DAVIS.[1]

(Circuit Court of Appeals, Seventh Circuit. July 17, 1897.)

### No. 380.

**1. APPEAL—REVIEW—MASTER'S REPORT.**

In the absence of exceptions to the report of a master, there can be no inquiry into the correctness of the facts found, but his misapprehension of the legal consequences of the facts reported is open to correction.

**2. EQUITY—PLEADING—ABANDONMENT OF DEFENSE.**

Where an answer sets up only an agreement for a share in profits, and on hearing before the master that contention is abandoned, and no new claim substituted, the defendant is entitled to no relief.

**3. SAME—FINDING UNSUPPORTED BY PLEADING.**

In a suit in equity, where the complainant is entitled to, and is awarded, the relief prayed in his bill, it is error to require, as a condition precedent to the enforcement of the decree, that he pay a sum found by the master to be due the defendant, where the facts on which such finding is based are not pleaded.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was a suit in equity by William H. Burke against Frank L. Davis. From a decree entered on the report of a master, complainant appeals.

The facts stated in the bill are substantially these: In the year 1888 the complainant, the appellant here, was engaged in the manufacture, importation, and sale of marble and mosaic decorations for buildings, having establishments at Chicago, Buffalo, New York, London, and Paris. During the time from August, 1889, to July, 1891, he imported large quantities of marbles and mosaics, to be entered at the ports of Chicago and St. Louis, and, for convenience, consigned to the defendant and appellee, Davis, who was in his service as a clerk or agent at Chicago. This course was adopted for convenience on account of the frequent absences of the complainant. Many controversies arose concerning the duties chargeable on the goods imported, and appeals were taken and prosecuted in the name of Davis from the decisions of the collector to the board of general appraisers, and, in many instances, from that board to the courts. These appeals were successful, and resulted in allowances and judgments in the name of Davis in amounts exceeding $9,000. On June 30, 1891, Davis left the service of the complainant, and upon demand made refused to execute an assignment of the judgments and claims so standing in his name. Thereupon the bill was filed, alleging the facts stated, and praying that the defendant be decreed to assign to the complainant the judgments and

[1] Rehearing denied October 7, 1897.

claims, and, pending the suit, restrained from collecting, selling, or otherwise disposing of the same. A demurrer to the bill having been overruled, the defendant answered, admitting the importation of the merchandise described in the bill and the schedules attached thereto and the recovery of judgments in his name for the excessive duties paid, but denying the complainant's interest in the judgments and claims, denying that the defendant was the clerk, agent, or representative of the complainant, denying that the merchandise imported in his name was the property of the complainant, and alleging that he paid the duties and prosecuted the appeals for the recovery thereof for himself, and not as agent or trustee for the complainant. The answer avers affirmatively that in the month of August, 1888, the defendant became connected in business with the complainant upon these terms, viz.: That the defendant was to take charge and management of the business in Chicago for three months at $10 per week, and that he took charge and management of the business under an agreement that at the expiration of three months, in case his services should prove satisfactory to the complainant, and he should desire to continue in charge of the business, another arrangement should be made; that at the expiration of the three months the complainant and defendant entered into a new agreement, whereby the defendant agreed to continue in charge and management of the business and the complainant agreed that he should receive a portion of the profits realized, according to the amount of business done and the profits accruing therefrom; that under that arrangement he continued in charge until July 1, 1891, meanwhile procuring and superintending the performance of a large number of contracts from which a large profit was derived; that on or about July 1, 1891, he requested the complainant to make an accounting and settlement of the amount and share of the profits due him, which complainant refused to do, and thereupon he withdrew from the further management of the business; that the profits which accrued amounted to at least $55,000; that the amount equitably due the defendant is at least the sum of $10,000, which the complainant refuses to pay; and that, even if complainant should be found to be the equitable owner of the judgments and claims set forth in the bill, he should be compelled to pay the defendant the amount due him before the defendant is ordered or directed to assign to the complainant the judgments and claims in controversy. A replication was filed, and the case referred to a master, whose report, after stating the issues, proceeds as follows:

"Upon this hearing a large amount of testimony has been taken, which is herewith reported, and made a part hereof, and I have heard the arguments of counsel at length, upon consideration of all which I find and report: That the allegations in the bill of the complainant are established by the testimony to the extent hereinafter stated; that the consignments of merchandise referred to in the bill were made as therein stated, and that the defendant, Frank L. Davis, received the same as the consignee of the complainant, having no interest therein, but acting as the agent and representative of the said complainant in respect thereto, having been named as such consignee for the purpose of convenience, the said complainant at the time being a citizen of London, England, engaged in the manufacture and importing of said articles in said city and in Paris, France. I find that during the time of such importations, and the proceedings had thereunder, the defendant, Frank L. Davis, was not a partner, as originally claimed, in the firm of Burke & Co., consignors, and had no interest in said consignments, or control over them, except such as might result to him through the nature of his employment, and was necessary for the purpose of his local representation herein in connection with the firm of Burke & Co., and is not beneficially interested in the result of the proceedings which have been had in regard to said property; the use of his name as plaintiff in said proceedings resulting and having become necessary only by reason of his having been, for purposes of convenience, named as consignee in said cases. I find, therefore, that the complainant, doing business under the name of Burke & Co., is the sole owner of said consignments, and entitled to the benefits of all of the proceedings had under them and the results of said proceedings. And I respectfully recommend that a decree be entered herein requiring said defendant, Frank L. Davis, to assign to said complainant by a good and sufficient assignment each and every of said judgments rendered, as

set forth in said bill, and each and every of said claims for the several amounts, of excessive duty ordered to be refunded as therein set forth. The claim insisted upon by the defendant that the complainant should be required to pay to the defendant the amount found to be due him as a condition of granting the relief prayed for is, I think, not well taken, and I have disregarded it for the reason that in my judgment its application to this case is not justified by the pleadings or the facts. I find that in the month of August, 1888, negotiations were had between the complainant and defendant for the employment of the latter in connection with the complainant's business then about to be established in this city, resulting in an arrangement by which defendant entered upon such employment in October, 1888, by which defendant was to receive for the first three months the sum of ten dollars per week and after that the sum of fifteen dollars per week, with the promise of additional compensation provided the defendant proved himself competent to the position and valuable to the complainant in that relation; that as a result of this arrangement payments were regularly made at the rate provided for, and until the 30th of June, 1891, when the defendant left the employment of the complainant. In the year 1890 an offer was made by the complainant to pay the defendant the sum of five hundred dollars additional compensation, upon which two hundred and fifty dollars has already been paid, and it is insisted that the defendant is limited to this rate of compensation, and that a finding upon the basis of a quantum meruit cannot, under the pleadings, be made in his favor. If the court should be of the opinion that this position is well taken, the defendant would be entitled to the payment of the sum of two hundred and fifty dollars, only, in addition to that which he has already received, for the full term of his service. The position which was taken originally by the defendant, that he became a partner of complainant after the expiration of the first three months of his agreement, has been abandoned, and no finding is asked for him on that basis. It is also not insisted that he should receive commissions upon the work done during the term of his employment, but it is contended that by reason of the terms of the original engagement he is entitled to compensation for the services which he rendered said complainant upon the basis of the value of such services, as established by the testimony. I am impressed with the belief that it was the intention of the parties that after the expiration of the three months of trial which the defendant was subjected to that he should receive such compensation for the balance of the term of his services as the character of his work and his devotion to the interests of the complainant should entitle him to. The testimony shows that during all of this time the defendant devoted himself faithfully and earnestly and efficiently to the work which was committed to him. The volume of the business done during this time by Burke & Co. was very large, and was successfully prosecuted, during a portion of, which time the complainant was absent in Europe attending to his business there, the defendant remaining here in sole charge of the execution of the contracts which were made between Burke & Co. and others here and elsewhere. For these services it is claimed by the defendant that he should receive compensation at the rate of twenty-five hundred dollars a year, which, after deducting payments made to him and moneys received by him during the period of his engagement would leave a balance now due him of three thousand nine hundred and fifty-five dollars and thirty-five cents. I am of the opinion, however, in view of all the testimony and the spirit and evident intention of the original engagement between these parties, and the character and the amount of work done by the defendant, that he is reasonably entitled to the payment of the sum of fifteen hundred dollars per year from the time of the expiration of the first three months of the term, making now due, with the deductions before stated, the sum of one thousand four hundred and fifty-five dollars and thirty-five cents, for the payment of which to him I recommend that a decree be entered."

To this report the defendant excepted on the ground that the master had failed and refused to recommend that the payment of the sum found due the defendant from the complainant should be made a condition precedent to the assignment by the defendant to the complainant of the claims and judgments mentioned in the report. This exception the court sustained, and accordingly

entered a decree which in other respects conformed to the report. No exceptions were filed by the complainant within 30 days after the filing of the report, and the motion thereafter made for leave to file exceptions was denied by the court. The evidence reported by the master is not in the transcript of the record.

Samuel S. Page and William E. Church, for appellant.

Ira W. Buell and Charles C. Buell, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge (after stating the facts as above). In the absence of exceptions to the report, there can be no inquiry into the correctness of the master's findings of fact; but whether the proper decree was entered upon the report is nevertheless open to consideration. The master's mistaken apprehension of the legal consequences of the facts reported, as Daniell states it, "may be opened to further directions, without exceptions." 2 Daniell, Ch. Prac. p. 1310; Hayes v. Hammond, 162 Ill. 133, 44 N. E. 422. The recommendation of the master that a decree should be entered for the defendant for the amount reported due him in addition to the fixed wages agreed upon was erroneous, both because it was not claimed in the answer and because it was not in accord with the agreement found to have been made between the parties, under which the services supposed to entitle the defendant to further compensation were rendered. The answer sets up only an agreement for a share in the profits, but that contention, the report says, was abandoned, and no different claim was substituted. The agreement found to have been actually made was that Davis should receive for the first three months $10 per week and after that $15 per week, with the promise of additional compensation provided he proved himself competent and valuable. Under this agreement the defendant served and received compensation at the specific rates stipulated until June 30, 1891, when, according to the answer, he demanded an accounting and a settlement of the share of the profits due him. It is not found that any other agreement between the parties, either for a share in the profits or for other form of compensation than that stated, was made, except that in 1890 the appellant offered to pay a further sum of $500, of which one-half had been paid. There is, therefore, no justification in the facts reported, when reasonably interpreted, for the belief with which the master declared himself impressed that it was the intention of the parties that, after the expiration of the three months of trial, the defendant should receive such compensation for the balance of the term of his service as the character of his work and his devotion to the interests of the complainant should entitle him to. That is not consistent either with the answer or with the master's own statement of the agreement made, in which no term of service was stipulated; and, instead of the time of trial being limited to three months, it was agreed that after the expiration of that period the compensation should be a fixed sum per week, until the parties should agree upon additional compensation, which, in the indefinite way stated, the appellant promised should be done. The alternative recommendation

of the master that the defendant should be allowed to recover the sum of $250, if not awarded the larger sum, rests upon an indefinite and inadequate statement of facts, and has no support in the answer.

It is contended on behalf of appellant that the relief awarded the defendant was affirmative in its nature, and could not be granted upon an answer, and that, being of a purely legal character, the defendant's demand could not be made the subject of a cross bill; but these are questions which we need not consider. Upon the facts found the appellee at most has a demand for only $250, and that not being set up in the answer need not be considered. It appears that the appellant is a citizen of London, England, but it is not shown that he is a nonresident or insolvent, and that appellee may not obtain adequate relief in a suit at law in the local courts. On the contrary, it was asserted at the hearing, and in the briefs, and not denied, that such a suit has been brought and is pending. It follows that the court erred in requiring that, as a condition precedent to the enforcement of the relief awarded him, the appellant should pay the sum named in the decree to the defendant, and also in adjudging against the appellant a part of the costs of the suit. The decree is therefore reversed, and the cause remanded, with directions to enter a decree for the appellant not inconsistent with this opinion.