### Henrietta E. Day v. William W. Chapman and George F. Tapper.

1. MECHANICS' LIENS — *When Portions of the Statement May, be Treated as Surplusage.*—Where no want of good faith in making a claim for a mechanic's lien is charged, portions of the statement required to be filed relating to matters not recoverable as such may be treated as surplusage.

Mechanics' Liens.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed April 17, 1900.

JAMES HIBBEN, attorney for appellant.

ELMER H. ADAMS, attorney for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In this case a bill was filed by appellees to enforce a mechanic's lien. They claimed that they were entitled to a lien for balance due upon a written contract, $432.58, and for extras $123.74.

Appellant contended that appellees were not entitled to recover for extras, and that she was entitled to damages

under the terms of the contract for delay in completing the work.

Appellant also contended that said bill was not filed until more than four months after the work was completed; that no claim for a lien was filed which conformed to the requirements of the statute, and that therefore appellees were not entitled to a lien.

The entire claim by appellees for extras was disallowed by the master in his report, and by the court in the decree entered.

It is argued by counsel for appellant that the claim for lien filed by appellees with the circuit clerk was not sufficient to allow of a recovery thereunder for extras therein claimed. But as no extras were allowed to appellees by the master or the court it is immaterial whether such claim was sufficient as to extras, if it was sufficient as to the balance due of the contract price. If that portion of said claim which refers to extras should be stricken out the portion remaining would be sufficient in form under the statute. Claimants for a lien, who act in good faith, are not bound, at the peril of losing their lien, to state in their claim for lien the precise amount finally allowed. Hayes v. Hammond, 162 Ill. 133, 137. No want of good faith in making said claim is charged. That portion of the claim which refers to extras may be treated as surplusage. The claim was sufficient in form and substance as to the balance due upon the contract.

.Whether appellant was entitled to damages for delay was a contested question of fact. There was evidence tending to establish the contention of each of the parties. We have examined with care the testimony as abstracted, and can not say that there is any such preponderance as would justify a reversal by this court of the decree entered by the trial court. We are of opinion that substantial justice has been done.

. The decree of the Superior Court is affirmed.