BARTON VS HULSEY.

Opinion delivered September 25, 1902.

1. *Indian Lands—Landlord and Tenant—Improvement Contract.*

Under Section 3, Act Congress June 28, 1898, (Curtis Bill) a non-citizen in possession of Indian lands under an improvement con-

tract, may, when sued for possession, show that he has not had possession for a sufficient length of time at a fair rental to compensate him for improvements made thereon, and the court may continue the tenant in possession in balancing the value of improvements and use of the lands.

2. *Master's Findings—Based on Conflicting Evidence—Conclusive on Appeal.*

The findings of a master are the same, in general effect, as the verdict of a jury, and where the evidence is conflicting, the findings are conclusive on appeal and judgment pronounced thereon will not be disturbed.

Appeal from the United States Court for the Central District.

WILLIAM H. H. CLAYTON, Judge.

Suit by Mary A. Hulsey against A. J. Barton. Decree for plaintiff. Defendant appeals. Affirmed.

*Warner & Buckley*, for appellant.

*T. N. Foster*, for appellee.

GILL, C. J. The statement of the case is found in appellant's brief, on pages 1, 2 and 3, and is as follows:

"This suit was begun on March 14, 1901, by the appellee filing a complaint on the chancery side of the docket against the appellant in the United States Court for the Indian Territory, in the Central District, at Poteau. The complaint will be found at pages 1, 2, and 3 of the printed record, and as will be seen, it in substance sets out the following matter: That plaintiff was the owner and entitled to the possession of a certain farm or improvement located about five miles north of Fanshawe, and

known as the 'Neise,' 'Cox, 'and 'Mise' places, and also as the 'Barton Farm.' That in 1890 Mise and Cox began to improve these places under contracts with the plaintiff, by which each agreed to improve farms thereon, and was to receive $5 per acre for clearing land, and a fair price for all other improvements, and were to pay plaintiff $10 per annum rental. The improvements were to be paid for by use of the lands at a fair rental value, and when so paid for the premises were to be the property of plaintiff. That about 1891 defendant obtained possession of premises by purchase from said Mise and Cox, with plaintiff's consent, and took the place of said Mise and Cox, and completed the improvements. That defendant has since been in possession of said premises, and on January 1, 1900, had received full compensation out of the lands for all improvements. That defendant owed plaintiff $60 on the $10 per annum stipulation, and that plaintiff had been damaged by the detention of said property during the year 1900 in the sum of $546, its rental value. That demand had been made for possession, and that plaintiff would lose the rental for 1901,—which, added to the sums before mentioned, makes the total of $1,152,—with prayer for an accounting and recovery for whatever is found due plaintiff. The appellant answered the complaint on October 22, 1901, and his answer is to be found at pages 3 and 4 of the record, in which he states substantially the following, viz.: Admits plaintiff's ownership and Mise and Cox contracts, and that defendant acquired contract as alleged, and alleges that defendant made same contract with plaintiff. Denies that plaintiff has been damaged in sum claimed or any other sums. Alleges that defendant built dwelling worth $500, dug two wells worth $167, planted orchard worth $32; that he cleared 84 acres of land, worth $420 for clearing; prepared the land for first crop (breaking), worth $178; and made and put up 112,000 rails, worth $1.50 per hundred. States how lands were cleared and put in cultivation. Alleges payment of $72 on the $10 per annum stipulation;

and finally claims there is still due for improvements, etc., $1,178, and claims right to retain possession until balance is paid for in rentals.  The cause was thereupon referred to a special master, and after taking proof he reported against the defendant to the extent that plaintiff was entitled to recover the possession of the premises at the end of that year, and also recover a balance of $313.50, provided the rents of 1891 were included.  Exceptions were filed, and sustained in part; so that judgment was finally given against defendant for $251.50."

The special master, in making his report of this case, under the evidence found as follows:

### "Findings of Facts.

" I find from the evidence that plaintiff is a citizen of the Choctaw Nation, and is the owner of the premises, and entitled to the possession, subject to defendant's claim for improvements, if the same is yet unpaid.  I also find from the evidence that the defendant went into the possession of the premises in the year 1890, and with the consent of the plaintiff, under an improvement contract with the plaintiff, and is still in possession; and that plaintiff duly served a notice upon defendant to quit possession before bringing this suit, as required by law.  I find from the evidence that the defendant is chargeable with rents for the premises in actual cultivation, fit for cultivation, as follows:

| | |
|---|---:|
| To 10 acres from 1891 to 1901, inclusive, at $2.50 per acre per year, 11 years | $ 275 |
| To 10 acres from 1892 to 1901, inclusive at $2.50 per acre per year, 10 years | 250 |
| To rent 12 acres from 1893 to 1901, inclusive, at $2.50 per acre for 9 years | 270 |
| To rent of 16 acres from 1894 to 1901, inclusive, 8 years at $2.50 per acre per year | 320 |

To 20 acres rent, from 1896 to 1901, inclusive, 6 years,
     at $2.50 per acre per year............................ .. ......................    300

             Total rents.......... ... ..................................................   $1,695

"I further find from the evidence that defendant is entitled
to credit for improvements and labor made and done on said
place, as follows:

| | | |
|---|---:|---:|
| By value of one dwelling, known as the 'Cox House'.... $ | 200 | 00 |
| By value for Barton house..... ... ....... ............................. | 100 | 00 |
| By value for Chappel house.... ............ ....,........ ................ | 100 | 00 |
| By value for Brown house.................... .. ........ .. ............ | 75 | 00 |
| By value of one well 63 ft. deep...................... ................ | 75 | 00 |
| By value of one well 34 ft. deep...................................... | 50 | 00 |
| By peach trees bought and set out..................., ............. | 32 | 00 |
| By 17,184 rails at $1.50 per hundred............................... | 257 | 50 |
| By 800 rails burned..... ... ... ............. ........... ... ,............ | 12 | 00 |
| By 1200 rails burnt on west side.................... .................. | 18 | 00 |
| By 1200 rails burnt on back side...................................... | 18 | 00 |
| By 800 rails burned at five different times................... | 12 | 00 |
| By 800 rails for washouts for 10 years............................. | 12 | 00 |
| By clearing 84 acres of land at $5 per acre.................:... | 420 | 00 |

        Total credits.......        .......... ... . .......... ................   $1,381   50

Total rents.......... ..........      .... .. . ...... ............... ........... .....   $1,695   00
Total credits......     ......... . .......... ................ ... ..... .........    1,381   50

         Balance due pl............ . ................ ......................   $    313   50

"I find from the evidence all of the matters stated in the
above account, and so find that the excess of rents over the value
of improvements is $313.50, and that the defendant is indebted
to plaintiff in that sum. I find from the evidence that the con-

tention of plaintiff that there was a contract between plaintiff and defendant for clearing and breaking to be $5 per acre is not sustained, and that the usual price for clearing alone is $5 per acre, and that it is customary and reasonable to give the first crop for breaking the land and making it tillable. I find from the evidence that $72 was paid by defendant to plaintiff on an additional contract for money rent of $10 per year, and that the same was not intended to be a payment in discharge of the usual rents herein charged defendant, and was discontinued after the Atoka agreement.

"I find the law applicable to the above facts to be:

"(1) That the $72 paid on the extra contract for $10 per year cannot be credited on rents herein charged, nor can payments not made after the Atoka agreement be recovered; and that, in the absence of evidence, it will be presumed that he received the consideration bargained for.

"(2) That improvements bought by a tenant are in the same class with those made by him, as to right to payment.

"(3 )That the defendant would be entitled to pay for rails in a fence that were destroyed by fire or flood without his fault, and for other rails to replace them, if necessary.

"(4) That plaintiff is entitled to maintain his suit to recover possession of the premises on expiration of this year, and a judgment for $313.50 and costs.

"The account is stated for 1901, the suit being filed March 14, 1901. I recommend that plaintiff be permitted to amend his complaint, or set up by supplemental complaint the claim for rents accruing in 1901 since suit filed, if he so desires; otherwise the amount of the rents for 1901 should be deducted from the amount above found due to plaintiff."

Defendant filed certain exceptions to the master's report, which are as follows:

"Comes A. J. Barton, the defendant herein, and excepts to the findings of George A. Grace, special master, herein filed, and for exception says: That the charge of $2.50 as specified in said report, is unreasonable and unjust; that it is contrary to the evidence, and without evidence to support it; that said charge is against the weight of the evidence. Defendant excepts to paragraph number one of said master's findings as to the law, and says that he is justly entitled to the credit of $72.00 therein specified. Defendant excepts to paragraph number four of said report, and says that it is contrary to the law and the evidence, and without evidence to support it. Defendant excepts to the recommendation of said master that plaintiff be permitted to amend his complaint, or set up by supplemental pleading the claim for rents accorded in 1901 since suit filed, if he so desires. Defendant says that each of the above-mentioned rulings and recommendations herein complained of is error. Defendant further says that he ought to have judgment against the plaintiff for the sum of $254. Defendant prays that the errors herein complained of be by the court corrected, and for all other proper relief."

And the court made its order and judgment, which is as follows:

"Now on this day this cause came on to be heard by the court upon the report of Geo. A. Grace, Esq., special master in chancery heretofore appointed by the court, the exceptions of the defendant thereto, and the evidence herein, and the court having heard said report and exceptions thereto, and the evidence and argument of counsel, and being fully advised in the premises, doth sustain the exceptions to the master's report as to the first and fourth paragraphs thereof, doth sustain and approve the said

master's report as to the remainder thereof. The court therefore finds that the premises in controversy are the property of the plaintiff, and that the defendant is indebted to the plaintiff for rents thereof in the sum of $251.50, and that the plaintiff will be entitled to the possession thereof on the 31st day of December 1901. It is therefore adjudged and decreed by the court that the plaintiff upon the 31st day of December, 1901, recover possession of the premises in controversy, to wit, certain improvements of about 100 acres of land under fence, being 80 acres in cultivation and the remainder in timber, known as the 'Barton Place,' about five (5) miles north of Fanshawe, I. T., and now in the possession of the defendant. It is further ordered that the fee of Geo. A. Grace, special master in chancery herein, be, and the same is hereby, fixed at the sum of twenty-five dollars. Whereupon, on the 6th day of November, being one of the regular days of the October term of court, the defendant in open court filed his motion for a new trial in said cause."

Defendant filed his motion for new trial, which was overruled by the court, and appeal is prayed to this court.

The errors complained of are: First, that the court erred in entering a decree for rents of 1901, for the reason that the year 1901 had not expired before the suit was brought, and for the further reason that the complaint was not amended, or supplemental complaint filed in accordance with the master's recommendation; second, that the finding of the lower court was not supported by the evidence. It will be observed that the court examined the exceptions of the defendant to the master's report, and sustained them in part and overruled them as to part. The partciular complaint of the defendant is to entering up judgment for the rents of 1901, the suit having been begun on March 14, 1901. It is a general rule that equity will follow the law. Where, as in this case, the law provides that all contracts shall cease after a certain time, as in the Curtis Bill, § 23, (Ind. Ter.

St. 1899, § 57z), the contract existing between the plaintiff and defendant with reference to the possession of these lands must have been considered terminated by the terms of the law; the defendants being non-citizens and the plaintiff being a citizen of one of the tribes. The only question for the court to consider under Section 3 of the Curtis Act (Ind. Ter. St. 1899, § 57s) was as to the value of the improvements, reasonable rents, and length of time, if any, which would compensate the defendants for their improvements. The special master made a recommendation in the alternative that, if the defendants were allowed to continue in the possession of the premises, the reasonable rents therefore should be charged against the defendant for the year 1901, and the court approved this finding. Section 3 (§ 57s) of the Curtis Law is as follows: "Provided always, that any person being a non-citizen in possession of lands, holding the possession thereof under an agreement, lease, or improvement contract with either of said nations or tribes or any citizen thereof, executed prior to January first, eighteen hundred and ninety-eight, may, as to lands not exceeding in amount one hundred and sixty acres, in defence of any action for the possession of said lands show that he is and has been in peaceable possession of such lands, and that he has while in such possession made lasting and valuable improvements thereon, and that he has not enjoyed the possession thereof a sufficient length of time to compensate him for such improvements. Thereupon the court or jury trying said case shall determine the fair and reasonable value of such improvements and the fair and reasonable rental value of such lands for the time the same shall have been occupied by such person, and if the improvements exceed in value the amount of rents which such person should be charged the court, in its judgment, shall specify such time as will, in the opinion of the court, compensate such person for the balance due, and award him possession for such time unless the amount be paid by claimant within such reasonable time as the court

shall specify. If the finding be that the amount of rents exceed
the value of the improvements, judgment shall be rendered
against the defendant for such sum, for which execution may
issue." We think, under above section, that the court was fully
authorized to enter up this judgment, notwithstanding that the
suit had been begun before the rents would be due for the year
1901; the court making provision by its judgment that the de-
fendant be allowed to retain possession of the premises for that
year . It has been held repeatedly by this court that the findings
of a master, upon which judgment has been pronounced, are the
same in their general nature as though the judgment were pro-
nounced upon the verdict of the jury; and, where the evidence is
conflicting with the report of the master, a judgment of the court
below will not be disturbed. We see no reason to depart from
this holding in this case. Martin Browne Co. vs Morris, 1 Ind.
Ter. 495, (42 S. W. 423); Malting Co. vs Schroeder, 67 Ill. App.
560; Hayes vs Hammond, 162 Ill. 133, 44 N. E. 422; Dean vs
Emerson, 102 Mass. 480; 14 Am. & Eng. Enc. Law (1st Ed.)
940, and notes.

     Judgment affirmed.