Present:  Carrico, C.J., Compton, Lacy, Keenan, Koontz,
          and Kinser, JJ.

BOARD OF SUPERVISORS OF
 FAIRFAX COUNTY, VIRGINIA
                                        OPINION BY
v.  Record No. 982627        JUSTICE LAWRENCE L. KOONTZ, JR.
                                      November 5, 1999
WASHINGTON, D.C. SMSA L.P.,
 ET AL.


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         F. Bruce Bach, Judge


     The dispositive issue in this appeal is whether

telecommunications facilities constructed, or to be constructed,

by a private commercial owner on its leasehold on land within

the rights-of-way of the Virginia Department of Transportation

(VDOT) are exempt from the zoning authority of the locality in

which that land is located.

                              BACKGROUND

     Beginning in October 1996, VDOT and Washington D.C. SMSA

L.P. and Wireless PCS, Inc. (the telecommunications companies)

entered into separate master lease agreements, styled "Master

Deed of Lease for Shared Communication Facilities," permitting

these companies to construct and operate certain facilities for

use in their wireless telecommunications networks on VDOT

rights-of-way along the state highway system in Fairfax County

(the County).[1]  These facilities consist primarily of monopole towers, nine panel antennae, and related maintenance service buildings or equipment cabinets (hereinafter collectively referred to as "the towers").  Specific sites for these towers were later agreed upon and designated by lease site addenda to the master leases.  Under the terms of the master leases, the telecommunications companies are responsible for constructing and maintaining the towers during the period of the lease.  VDOT retains the right to terminate a lease if the telecommunications companies' use of a specific site interferes with necessary transportation uses of VDOT's right-of-way.  In addition, VDOT retains the right to co-locate its own communications equipment on the towers.  In any event, the towers remain the property of the telecommunications companies.

The parties do not dispute that VDOT's goals to improve traffic flow, motorist safety, and emergency response along its highway network would be facilitated by, and partially financed by, the shared use of these towers.  Under the lease agreements,

---

[1]Washington, DC SMSA L.P. is principally associated with Bell Atlantic.  Wireless PCS, Inc. is associated with American Telephone & Telegraph and operates under the name AT&T Wireless Services.  These agreements were part of a statewide plan to lease VDOT controlled lands to telecommunications companies for the construction of telecommunications towers.  Several other localities have filed amicus curiae briefs in support of the position taken by Fairfax County in this appeal.

the telecommunications companies are to provide rental payments in the form of equipment for VDOT's use. Specifically, the telecommunications companies are to purchase and install certain specified equipment for a closed circuit television system, a highway advisory radio system, and emergency call boxes at various sites as part of VDOT's proposed "Intelligent Transportation System" (ITS).[2] Moreover, it is not disputed that VDOT and the County administration have regularly consulted on the need for ITS in the County and the desirability of placing telecommunications towers on VDOT rights-of-way rather than on private land in more densely developed areas.

Consistent with the provisions of the master leases, the telecommunications companies and VDOT agreed on leases for at least a dozen individual sites on VDOT's rights-of-way within the boundaries of Fairfax County. Both telecommunications companies then proceeded with their plans to construct towers of between 80 and 164 feet in height at several of these sites.

---

[2]In the event that the cost of obtaining and installing the equipment at a given location is less than the dollar value of the lease payments, the balance is to be paid into the general revenue of the Commonwealth. The typical value of an individual lease is "$70,000 rental or its equivalent in goods and/or services" for the first five years of the lease with an automatic renewal of five years at $15,870 annual rent paid in monthly installments.

Neither company sought zoning approval for this construction from the County.

On September 12, 1997, the County filed a bill of complaint against the telecommunications companies seeking a declaratory judgment that they were subject to the zoning authority of the County pursuant to the authority granted to a locality by Code § 15.2-2232 to enforce a comprehensive plan.[3]  Specifically, the County sought injunctive relief directing the telecommunications companies to cease operations on any towers already constructed and prohibiting the telecommunications companies from proceeding with construction of other towers until such time as they had sought and received approval for the construction and operation of the towers from the County.

On September 17, 1997, the Commonwealth Transportation Commissioner filed a motion to intervene in the suit on behalf of VDOT.  The trial court granted that motion on November 6, 1997, joining the Commissioner as a defendant.[4]  Thereafter, the telecommunications companies and the Commissioner filed answers

---

[3]At the time this suit commenced, Code 15.1-456 was the relevant code section.  Title 15.2 superseded Title 15.1 effective December 1, 1997.  As they pertain to this appeal, the provisions of the superseded title are substantially identical to those of the current title.  Accordingly, we will refer to the current code sections.

[4]The County did not assign error to the trial court's granting of the motion to intervene.

to the bill of complaint, asserting that telecommunications facilities constructed on VDOT's rights-of-way are not subject to the provisions of Code § 15.2-2232.

The parties filed cross-motions for summary judgment along with supporting briefs and exhibits.  In essence, the County contended that the towers are public utility facilities of commercial entities and, thus, are subject to approval under the County's comprehensive plan since they are located on unincorporated land within the County.  The County further contended that even if VDOT's rights-of-way are not subject to its zoning authority, the airspace above that land is subject to that authority under Code § 15.2-2293.  In response, the telecommunications companies and the Commissioner contended that because the towers are to be "shared communications facilities" between VDOT and the telecommunications companies, the County, which under its own ordinances recognizes that it cannot regulate VDOT property, does not have the authority to regulate the use of that property by VDOT, or its lessees.[5]

---

[5]Section 2-1-1(a) of the Fairfax County Code of Ordinances provides that:

No person shall do work or any construction within or on any land dedicated to public use . . . unless and until a permit for such use has been obtained from the Director of Environmental Management or his agent, of the County; provided, however, that this shall not apply to the right of way of any street

5

Following oral argument by the parties, the trial court granted summary judgment for the telecommunications companies and the Commissioner.  In a summation from the bench, subsequently incorporated by reference in the final order, the trial court stated:

> I am thinking of the history of the law in Virginia and the Dillon Rule, and I don't think there is anything exactly on point in this case that I can put my finger on and say, this is the right answer.
>
> But I believe basically that these VDOT right-of-ways are State property, and Fairfax County can't regulate them.

We awarded the County this appeal.

### DISCUSSION

The issue presented by this appeal is narrow in focus.  We are not concerned with the broad scope of VDOT's authority to make use of its rights-of-way for transportation purposes.  Rather, we are only to decide whether a private telecommunications company may construct a public utility facility on a leasehold property which is part of a VDOT right-of-way without first seeking approval for the construction of

---

> or highway in any system of the Department of Highways of the State.

> By its express terms, this ordinance is not invoked by the facts of the present case.

6

that facility from the local government through whose jurisdiction that right-of-way runs.

Code § 15.2-2232(A) provides that:

> Whenever a local planning commission recommends a comprehensive plan or part thereof for the locality and such plan has been approved and adopted by the governing body, it shall control the general or approximate location, character and extent of each feature shown on the plan.  Thereafter, unless a feature is already shown on the adopted master plan or part thereof or is deemed so under subsection D, <u>no</u> street or connection to an existing street, park or other public area, public building or public structure, <u>public utility facility</u> or public service corporation facility other than railroad facility, whether publicly or privately owned, <u>shall be constructed</u>, established or authorized, <u>unless</u> and until the general location or approximate location, character, and extent thereof has been submitted to and <u>approved by the commission</u> as being substantially in accord with the adopted comprehensive plan or part thereof.

(Emphasis added.)

There is no dispute that the towers in question constitute "public utility facilit[ies]" under Code § 15.2-2232(A) and are not currently shown on the County's comprehensive plan.  Nor can it be disputed that if these towers were located on private land within the County, they would be subject to prior approval by the planning commission under the statute.

It then is self-evident that the sole distinguishing feature between the public utility facilities at issue here and many similar public utility facilities owned by these and other telecommunications companies for the necessary infrastructure of

7

a modern wireless communication network is that these facilities are located on land controlled by and leased from a department of the state government. Moreover, the fact that the telecommunications companies have the primary right to control the use of this land under the leases supports the narrow focus we take in our resolution of this appeal.[6]

First, we reject the assertion that the exercise of zoning authority by the County in this case would violate the Dillon Rule. The Dillon Rule provides that the powers of a local government and, thus, of a planning commission acting under that authority, are fixed by statute and are limited to those powers granted expressly or by necessary implication and those that are essential and indispensable. <u>Ticonderoga Farms v. County of Loudoun</u>, 242 Va. 170, 173-74, 409 S.E.2d 446, 448 (1991). The Dillon Rule is simply not implicated in this case because Code § 15.2-2232(A) expressly grants the planning commission authority to regulate the placement of public utility facilities. Moreover, subsection E of that statute has an express limitation

---

[6]We recognize that the terms of the master leases permit VDOT to make use of the land not inconsistent with the lessees' use and, if necessary, to terminate any individual lease site if the lessee's use of that land becomes inconsistent with the transportation needs of the department. Nonetheless, these limited and prospective rights do not alter the telecommunications companies' primary right to control the use of the land and to construct public utility facilities thereon during the period of the lease.

exempting "public telecommunications facilit[ies] [approved and funded] by the Virginia Public Broadcasting Board . . . with the exception of television and radio towers" from the review process required by subsection A. (Emphasis added). This evinces a legislative intent to permit local regulation of telecommunications facilities owned by both private and public providers. Accordingly, it would not be inconsistent with the authority granted to the County and its planning commission to exercise regulatory authority over any such privately owned facility within its jurisdiction.

The telecommunications companies and the Commission contend, however, that because the towers are intended to be "shared communications facilities," the eventual placement of VDOT equipment on the towers exempts them from being subject to local zoning regulation. In support of this contention, they rely on Code § 15.2-2223, which provides in pertinent part that a "local planning commission shall prepare and recommend a comprehensive plan for the physical development of the territory within its jurisdiction and every governing body shall adopt a comprehensive plan for the territory under its jurisdiction." (Emphasis added). The telecommunications companies and the Commissioner contend that while VDOT's rights-of-way may be "within" the County's jurisdiction because these lands are within the boundaries of the County, these lands are not "under"

9

its jurisdiction because they are the property of the state and, thus, the County's comprehensive plan cannot govern these lands regardless of the use made of them.[7] In the context of the issue presented by this appeal, we disagree.

As we noted above, the lease agreements between VDOT and the telecommunications companies place primary use and control of the land with the lessees. The towers are owned solely by the telecommunications companies. Under these circumstances, it is the telecommunications companies' towers and their leasehold interests in VDOT's rights-of-way that are properly subject to the County's zoning authority under Code § 15.2-2232 rather than any rights of sovereignty VDOT might claim against local regulation.

In short, while VDOT would benefit from the ability to place its equipment on the towers, VDOT does not own the towers or have a primary right of use of the land subject to the leases during their terms. The telecommunications companies are in the same position with respect to the towers in question as they would be for any other such towers constructed on land leased or

---

[7]The telecommunications companies and the Commissioner rely primarily on Code § 33.1-37 for the proposition that a local government cannot exercise regulatory authority over VDOT's use of land under its control. Our resolution of this appeal does not imply approval or disapproval of that proposition, since that issue is not before us.

acquired for such purposes.  The mere fact that the towers are conveniently, or even necessarily, located on state-owned rights-of-way is irrelevant to the question whether they fall within the regulatory authority of the planning commission granted under Code § 15.2-2232(A).  Accordingly, we hold that the telecommunications companies must submit their proposed use of the leased land to the County's planning commission.[8]

CONCLUSION

For these reasons, we will reverse the judgment of the trial court granting summary judgment for the telecommunications companies and the Commissioner and remand the case for further proceedings consistent with the views expressed herein.

Reversed and remanded.

---

[8]In light of this holding, we need not address the County's contention that it had authority to regulate the towers pursuant to Code § 15.2-2293.