30

## CIRCUIT COURT OF WARREN COUNTY

Town of Front Royal

v.

Martin Media

Case No. (Chancery) 98-161

Martin Media

v.

Zoning Appeals Board

Case No. (Law) 98-203

February 22, 2000

BY JUDGE JOHN E. WETSEL, JR.

These consolidated cases came before the Court for trial on February 16, 2000, on the Town's petition to enjoin Martin Media to remove its billboard from a major intersection in the Town, and Martin Media's appeal from the Board of Zoning Appeals (BZA) requiring Martin Media to remove certain lights on its billboard because the lights encroach upon a public right of way.

Upon consideration of the argument of the parties and the authorities relied upon by them, the Court has decided to deny the Town's petition for an injunction requiring the removal of the billboard and to reverse the Board of Zoning Appeal's decision to require the removal of the lights from the billboard.

## I. *Statement of Material Facts*

The material facts are as follows.

Martin Media owns a parcel of land at the intersection of two major highways in the Town of Front Royal, on which Martin Media maintains a large billboard.

The billboard is a large two-sided billboard, approximately 24 feet high, which for years was illuminated by lights which extended perpendicularly from the top of the sign. In March 1998 the existing lights were replaced with new lights placed on the bottom of the signs. In the BZA hearing, there was discussion about whether the lights had been inoperable for a period of time because of their old, rusted condition.

Permits were obtained by Martin Media from the Town to install the new lights, and the lights were subsequently installed and approved by the Town's inspection office. Martin Media also has an outdoor advertising permit for the sign issued by the Virginia Department of Transportation.

On July 2, 1998, the Town advised Martin Media that the lights violated the current zoning ordinance of the Town of Front Royal, § 175-106(A)(5)(1), because billboards were now "expressly prohibited" in the town and any signs "erected in or over a public right-of-way" were also prohibited.

The new lights which are now installed at the bottom of the billboard are closer to the billboard than the old lights were.

The exact date on which the billboard was constructed is not known, but from aerial photographs, it can be determined that the billboard was constructed sometime between 1951 and 1966.

The 1951 Front Royal Town Code was in effect when the billboards were initially constructed. Section 16.3 of the 1951 Town Code provided that billboards were permitted:

> When not exceeding fourteen feet in height above the curb level, with a clear space of not less than three feet between the bottom of the sign or billboard and the ground.

When the billboard in question was constructed, it was not a conforming structure, but it was a permitted use. It does not appear that a variance was ever granted to permit the 24 foot high billboard to exceed the permitted height of 14 feet.

In 1978 the Town promulgated the current zoning ordinance, which superseded the prior 1970 ordinance, *see* 1978 Zoning Ordinance, Article I,

and it prohibits billboards in the town. However, the 1978 Front Royal Zoning Ordinance § 508.2.F.5 provides that:

> Non-conforming signs, once removed, shall be replaced only with conforming signs; however, non-conforming signs may be repainted or repaired, providing such painting or repairing does not exceed the dimensions of the existing sign.

Section 601 of the 1978 Zoning Ordinance addresses non-conforming uses, and it provides for their continuation as follows:

> If at the time of enactment of this Ordinance, any legal activity which is being pursued, or any lot or structure legally utilized in a manner or for a purpose which does not conform to the provisions of this Ordinance, such manner of use or purpose may be continued as herein provided.

Section 606 of the 1978 Zoning Ordinance Code then provides that:

> Lawful uses of land, which at the effective date of this Ordinance . . . become non-conforming, may be continued by the present or any subsequent owner so long as it remains otherwise lawful . . . .

Section 607 of the 1978 Zoning Ordinance Code further provides that:

> Structures or buildings which at the effective date of this Ordinance . . . become non-conforming by reason of restrictions on . . . *height* . . . its location on the lot, or other requirements concerning the building or structure, may continue to be used so long as such structure . . . remains otherwise lawful . . . .

Under the 1978 Zoning Ordinance a billboard is a structure. Front Royal Town Code 1978, Article 2, page 12, definition, "Structure, Outdoor Advertising."

Article I of the 1978 Zoning Ordinance stated that it superseded the 1970 Zoning Ordinance, and Section 717 of the 1978 Zoning Ordinance expressly provided that:

> All conflicting Ordinances or parts thereof which are inconsistent with the provisions of this Ordinance are hereby repealed.

The Front Royal Board of Zoning Appeals found that the subject billboard was an unlawful use to the extent that the construction of the new lights encroached upon the Virginia Department of Transportation right-of-way, so they decided that the new lights had to be removed, and Martin Media has appealed that decision.

In a separate suit the Town has sued Martin Media seeking the removal of the billboard as an unlawful, nonconforming use.

## II. *Conclusions of Law*

The decision of a board of zoning appeals is presumed to be correct on appeal to a circuit court; the appealing party bears the burden of showing that the board applied erroneous principles of law or was plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44, 353 S.E.2d 727 (1987).

In deference to the constitutional prohibition against impairing vested property rights without compensation, Virginia Code § 15.1-492 assures a landowner's right to continue the "lawful use" of any land, buildings, and structures "existing on the effective date of the zoning restriction and continuing since that time in non-conformance to the ordinance." *Knowlton v. Browning-Ferris*, 220 Va. 571, 572, n. 1, 260 S.E.2d 232, 234, n. 1 (1979). In a civil proceeding, the "land user has both the burden of initially producing evidence tending to prove a lawful nonconforming use and the burden of persuading the factfinder." *Id.* at 574, 260 S.E.2d at 235. Thus, "the risk of non-persuasion . . . rests with the land user claiming the right to continue a nonconforming use." *Id.* at 575, 260 S.E.2d at 236.

Even though the billboard may be a grandfathered nonconforming use, the Town can regulate the repairs and replacements made to the billboard to ensure that they conform to the current building codes. *City of Chesapeake v. Gardner Enterprises*, 253 Va. 243, 248, 482 S.E.2d 812 (1997). The new lights, when constructed, were apparently done in a manner to conform with the building code, because the lights were approved by the Town.

The Town's right to control private property uses within its boundaries extends to property uses which encroach upon public rights of way. *Fairfax County v. Washington, D.C., SMSA*, 258 Va. 558 (1999). However, in this case, the encroachment onto the state's right of way by the overhang of Martin's Media lights is an incidental use of property incident to the grandfathered use, and it may continue as a nonconforming use.

The point made by the Town that the sign exceeded the 14 foot height restriction of the 1951 Code when it was originally constructed is of no

moment in this case because the 1951 Code was repealed and replaced by the 1970 Zoning Ordinance, which in turn was superseded by the 1978 Zoning Ordinance. The Town's right to prosecute violations of the 1951 Code was lost when that Code was superseded by the Town's subsequent zoning ordinances. "If the later act is intended to cover the entire subject, and to be substituted for the earlier act, the omitted parts are deemed to be repealed by implication." 73 Am. Jur. 2d, *Statutes*, § 408; *see also* 83 Am. Jur. 2d, *Zoning and Planning*, § 623.

In 73 Am. Jur. 2d, *Statutes*, § 388, it is stated:

> *It is firmly established that there is no vested right in any particular mode of procedure or remedy*, and it is a general rule that where a statute giving a particular remedy is unqualifiedly repealed, the remedy is abrogated. Indeed, *where a statute giving a special remedy is repealed by a later act which substitutes nothing in its place, the effect is to obliterate such statute as completely as if it had never been passed.*

(Emphasis added.)

Consistent with the general principles noted by the Am. Jur. editors, in *White v. Freeman*, 79 Va. 597, 601 (1884), the Virginia Supreme Court ruled:

> The repealing statute obliterates the statute repealed as completely as if it had not been passed, and it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted, and completed while it was an existing law.

*Accord Brown's Committee v. Western State Hospital*, 110 Va. 321, 328, 66 S.E. 48 (1909). "The rule at common law appears to be that prosecution of an offense is stopped by repeal of the law under which the offense was committed." 6 McQuillen, *Municipal Corporations*, § 21.44 (3d ed.).

The Town cannot now bring an enforcement action under the 1951 Town Code. The continued existence of the billboard and its incidental facilities like the new lights are governed by the provisions of the 1978 Zoning Ordinance, under which the billboard with its incidental facilities is a non-conforming use which has been grandfathered.

Martin Media's billboard, however unsightly and objectionable it may be considered by the Town, was a lawful, non-conforming use when the 1978 Zoning Ordinance was enacted, even though it may have been a non-conforming structure under the 1951 Town Code. Therefore, the Town's

petition for an injunction is denied. The physical area and height of the sign was determined at the time that the sign was constructed, and so long as those dimensions are not exceeded and it is not moved, repair and replacement is permitted so long as the original dimensions are not exceeded.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. Martin Media's billboard located at the intersections of Routes 55 and 340 in the Town of Front Royal is a grandfathered, non-conforming use and Martin Media may continue to maintain its billboard in its present configuration;

2. The Town of Front Royal's petition for an injunction is denied;

3. The BZA's decision requiring the removal of the new lights is reversed.

This is a final order, and the Clerk is directed to place these cases among the ended files.